**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

**CIVIL ACTION NO.: 2:22-CV-00816-DCN**

| | | |
|---|---|---|
| John Doe 197, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| The Bishop of Charleston, a Corporation | ) | **ANSWER** |
| Sole, The Bishop of the Diocese of | ) | |
| Charleston, in his official capacity, and Rev. | ) | |
| Fr. Bryan Babick, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**NOW COME DEFENDANTS** Bishop of Charleston, a Corporation Sole, and subject to and reserving its continuing objection that "the Bishop of The Diocese of Charleston, in his official capacity," is not a proper party, (collectively "Diocese") who through undersigned counsel answers Plaintiff's complaint as follows:

**FOR A FIRST DEFENSE**

**PARTIES AND JURISDICTION**

1.      The Diocese admits the factual allegations contained in Paragraph 1 upon information and belief.  Plaintiff's allegations regarding a right to proceed anonymously are denied.

2.      The Diocese is aware of Plaintiff's identity.  All remaining allegations contained in Paragraph 2 are denied.

1

3.      By way of answer to the allegations contained in Paragraph 3, the Diocese admits only that "Bishop of Charleston, a Corporation Sole" was created by Act of the General Assembly on December 13, 1880, and that it does business in the name of the Roman Catholic Diocese of Charleston.  Its administrative offices are located at 901 Orange Grove Road in Charleston.  The administrative offices have some supervisory authority over the operations of the ministries of the Church, though Canon Law prescribes that responsibility.  The Corporation Sole is the civil law presence of the Diocese of Charleston and the Bishop of Charleston.  All remaining allegations contained in Paragraph 3 are denied.

4.      The Corporation Sole is the civil law presence of the Diocese of Charleston and the Bishop of Charleston.  The allocation of power within a hierarchical church and the ecclesiastical status of each Bishop of Charleston are entirely governed by Canon Law.  Government intrusion into the organizational and administrative decisions of a religious organization is prohibited under the Religion Clauses of the First Amendment to the United States Constitution.  Accordingly, the allegations of Paragraph 4 are denied.

5.      The Diocese admits that Fr. Babick was the Administrator of Our Lady of Good Counsel Catholic Church and had served as Chaplain at Bishop England High School.

6.      Denied.

7.      Assuming this Court possesses subject matter jurisdiction, Paragraph 7 is admitted, otherwise the allegations contained in Paragraph 7 are denied.

8.      The Diocese admits that Catholic parishes and schools are located throughout South Carolina and that the Diocese owns certain real property and other assets.  Any remaining allegations contained in Paragraph 8 are denied.

9.    The Diocese admits only that Fr. Babick was a priest of the Diocese who was assigned to clerical duties at certain parishes and schools.  All remaining allegations are denied.

10.    The Diocese is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 10 and, on that basis, denies same.

11.    The Diocese is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 11 and, on that basis, denies same.

12.    The Diocese is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 12 and, on that basis, denies same.

13.    Admitted.

14.    The Diocese is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 14 and, on that basis, denies same.

15.    By way of answer to the allegations contained in Paragraph 15, the Diocese is informed and believes that Plaintiff had dinner with Fr. Babick on or about May 18, 2019.  The Diocese is without sufficient knowledge or information to form a belief as to all remaining allegations contained in Paragraph 15 and, on that basis, denies same.

16.    Denied upon information and belief.

17.    The Diocese is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 17 and, on that basis, denies same.

18.    The Diocese is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 18 and, on that basis, denies same.

19.    The Diocese is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 19 and, on that basis, denies same.

20.     The Diocese is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 20 and, on that basis, denies same.

21.     The Diocese is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 21 and, on that basis, denies same.

22.     The Diocese admits only that Fr. Babick resigned as Chaplain of Bishop England High School.  All remaining allegations are denied.

23.     The Diocese is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 23 and, on that basis, denies same.

24.     The Diocese is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 24 and, on that basis, denies same.

25.     The Diocese is without sufficient knowledge or information to form a belief as to the allegations contained in Paragraph 25 and, on that basis, denies same.

26.     Denied.

**FOR A FIRST CAUSE OF ACTION**
**(VIOLATION OF 18 U.S.C.A. §2242 SEXUAL ABUSE)**

27.     By way of answer to Paragraph 27, the Diocese incorporates by reference Paragraphs 1 through 26 above as if restated fully herein.

28.     Denied upon information and belief.

29.     Denied upon information and belief.

30.     Denied upon information and belief.

31.     Denied.

**FOR A SECOND CAUSE OF ACTION**
**(ASSAULT)**

32.    By way of answer to Paragraph 32, the Diocese incorporates by reference Paragraphs 1 through 31 above as if restated fully herein.

33.    Denied.

34.    Denied.

## FOR A THIRD CAUSE OF ACTION
### (BATTERY)

35.    By way of answer to Paragraph 35, the Diocese incorporates by reference Paragraphs 1 through 34 above as if restated fully herein.

36.    Denied.

37.    Denied.

## FOR A FOURTH CAUSE OF ACTION
### (OUTRAGE / INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

38.    By way of answer to Paragraph 38, the Diocese incorporates by reference Paragraphs 1 through 37 above as if restated fully herein.

39.    Denied.

40.    Denied.

## FOR A FIFTH CAUSE OF ACTION
### (NEGLIGENCE / GROSS NEGLIGENCE / RECKLESSNESS)

41.    By way of answer to Paragraph 41, the Diocese incorporates by reference Paragraphs 1 through 40 above as if restated fully herein.

42.    Denied.

43.    Denied, including all subparts thereto.

44.    Denied.

45.    Denied.

46.    Denied.

## FOR A SIXTH CAUSE OF ACTION
## (BREACH OF FIDUCIARY DUTY

47.     By way of answer to Paragraph 47, the Diocese incorporates by reference Paragraphs 1 through 46 above as if restated fully herein.

48.     Denied as pleaded.

49.     Denied as pleaded.

50.     Denied.

51.     Denied.

52.     Denied.

## FOR A SEVENTH CAUSE OF ACTION
## (NEGLIGENT RETENTION OR SUPERVISION)

53.     By way of answer to Paragraph 53, the Diocese incorporates by reference Paragraphs 1 through 52 above as if restated fully herein.

54.     The Diocese admits only that Fr. Babick was a priest of the Diocese who was assigned to clerical duties at parishes and schools.  All remaining allegations are denied.

55.     The Diocese admits only that, Fr. Babick was a priest of the Diocese who was assigned to clerical duties at parishes and schools.  All remaining allegations are denied.

56.     Denied.

57.     Denied as pleaded.

58.     Denied.

59.     Denied.

60.     Denied.

## FOR AN EIGHT(sic) CAUSE OF ACTION
## (CIVIL CONSPIRACY)

61.     By way of answer to Paragraph 61, the Diocese incorporates by reference Paragraphs 1 through 60 above as if restated fully herein.

62.     Denied.

63.     Denied.

## PRAYER FOR RELIEF

The Diocese denies Plaintiff's unnumbered paragraph beginning WHEREFORE and denies that Plaintiff is entitled to any relief whatsoever.

## FOR A SECOND DEFENSE

Plaintiff has failed to state a cause of action for which relief may be granted.

## FOR A THIRD DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## FOR A FOURTH DEFENSE

These Defendants owed Plaintiff no duty for which they may be liable to him.

## FOR A FIFTH DEFENSE

Plaintiff's claims, or any of them, are barred by the Free Exercise Clause and the Establishment Clause of the First Amendment to the Constitution as incorporated under the Fourteenth Amendment.

## FOR A SIXTH DEFENSE

Plaintiff's claims for punitive damages violate both the Fifth and Fourteenth Amendments of the United States Constitution and Section III of the South Carolina Constitution in that the jury's discretion to award punitive damages in any amount which it chooses is wholly devoid of any meaningful standard and is inconsistent with due process guarantees.

## FOR A SEVENTH DEFENSE

Plaintiff is not entitled to recover punitive damages because the Diocese did not act with malice or reckless indifference to the rights of others.

## FOR AN EIGHTH DEFENSE

The Diocese pleads consent as an absolute defense to Plaintiff's claims, which are denied.

## FOR A NINTH DEFENSE

The Diocese is not liable for the actions of any agent who acted outside the scope of his/her authority.

## FOR A TENTH DEFENSE

Plaintiff's claims are barred under the doctrines of waiver, estoppel or laches.

## FOR AN ELEVENTH DEFENSE

Plaintiff's claims are barred entirely or are limited under South Carolina Charitable Immunity Doctrine or his damages, which are denied, are limited by the statutory caps on liability for charitable entities.  Defendant pleads the recovery limits of S.C. Code Ann. § 15-32-530 and any other limitation on punitive damages allowed by Federal or State law.

## FOR A TWELFTH DEFENSE

To the extent Plaintiff seeks a double recovery for any alleged single wrong, he must elect his remedy.

## FOR A THIRTEENTH DEFENSE

The Diocese denies of any conduct on its part was the proximate cause of the Plaintiff's claimed injuries and damages, which injuries and damages are specifically denied.

## FOR A FOURTEENTH DEFENSE

Plaintiff has failed to state a cause of action for conspiracy and has failed to comply with the mandate of Rule 9(g). As such, his Eighth Cause of Action must be dismissed.

## FOR A FIFTEENTH DEFENSE

All allegations not specifically admitted are denied.

## FOR A SEVENTEENTH DEFENSE

Suit against the "Bishop of Charleston, in his official capacity" is improper, and that party is due to be dismissed inasmuch as the Corporation Sole is the civil law presence of the Diocese of Charleston and its Bishop. Further, the Court is precluded from engaging in an unconstitutional scrutiny or inquiry into the manner in which the ecclesiastical office of Bishop determines to interact with the civil law realm as such inquiry is prohibited under the Free Exercise and Establishment clauses of the First Amendment.

## FOR A EIGHTEENTH DEFENSE

Discovery is just beginning in this case. The Diocese specifically reserves the right to assert additional defenses, including counter claims, cross claims, and third party claims, as may become available or apparent.

## RELIEF REQUESTED

WHEREFORE, Defendant prays for the dismissal of the Complaint with prejudice in its entirety, and for an award of attorney's fees, expenses, and costs and for such other and further relief as may be just and appropriate under the circumstances.

Respectfully submitted,

**TURNER PADGET GRAHAM LANEY, PA**

9

_s/Richard S. Dukes, Jr._        
Richard S. Dukes, Jr., Federal ID No. 7340
40 Calhoun Street, Suite 200
Charleston, SC 29401
Phone: (843) 576-2810
Email: RDukes@turnerpadget.com

**ATTORNEYS FOR DIOCESE DEFENDANTS**

April 1, 2022