IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| John Doe 197,<br><br>        Plaintiff,<br><br>vs.<br><br>The Bishop of Charleston, a Corporation Sole, The Bishop of the Diocese of Charleston, in his official capacity, and Rev. Fr. Bryan Babick,<br><br>        Defendants. | Case No.: 2:22-CV-00816-DCN |

**MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) AND/OR MOTION FOR JUDGMENT ON THE PLEADINGS OF DEFENDANT REV. FR. BRYAN BABICK, AND INCORPORATED MEMORANDUM IN SUPPORT THEREOF**

AND NOW COMES Defendant Rev. Fr. Bryan Babick ("Father Babick"), by and through his undersigned counsel, and files the following Motion to Dismiss Pursuant to Rule 12(b)(1) and/or Motion for Judgment on the Pleadings and Incorporated Memorandum in Support Thereof ("Motion to Dismiss"):

**INTRODUCTION**

Plaintiff John Doe 197's ("Plaintiff") Complaint alleges that on May 18, 2019, he met with Father Babick at Our Lady of Good Counsel Catholic Church in Folly Beach. (*See* Docket Entry # 1 ¶ 15)  Plaintiff alleges that after dinner he began to experience double vision.  (*See id.*). Plaintiff further claims that he lost consciousness and awoke naked to Father Babick performing oral sex on him. (*See* Docket Entry # 1 ¶ 16).  Plaintiff contends — and Father Babick strenuously denies — that he was sexually abused while under the influence of a drug or other substance.

In his Complaint, Plaintiff asserts the following causes of action against Father Babick and the Diocese Defendants:

{01182984.DOCX.1 }

(1) Violation of 18 U.S.C. § 2242 (sexual abuse);

(2) Assault;

(3) Battery;

(4) Outrage/intentional infliction of emotional distress;

(5) Negligence/gross negligence/recklessness;

(6) Breach of fiduciary duty;

(7) Negligent retention or supervision; and

(8) Civil conspiracy.

Notably, all of the causes of action, *except for the first cause of action*, arise under South Carolina state common law.

Plaintiff alleges that "[t]his court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the first cause of action raises a federal question." (*See* Docket Entry # 1 ¶ 6). In his first cause of action, Plaintiff attempts to assert a claim sounding under 18 U.S.C. § 2242, a federal criminal statute:

> 28. One is in violation of 18 U.S.C.A. § 2242(2)(b) when they engaged in a sexual act with another person if that other person is physically incapable of declining participation in, or communicating unwillingness to engaged in, that sexual act. This is a criminal statute, however, the conduct of Defendant Babick is in direction of violation of said statute and amounts to civil sexual assault.
>
> 29. Plaintiff is alleging he was involuntarily intoxicated as a result of Defendant Babick's improper conduct.
>
> 30. Defendant Babick, while acting as an agent of the Diocese, engaged in a sexual act with Plaintiff while Plaintiff was physically incapable of communicating his unwillingness to engage in said act due to the improper conduct of Defendant Babick.
>
> 31. As a direct and proximate result of the conduct of the Defendants, the Plaintiff has been injured and has directly and proximately suffered damages. Plaintiff is entitled to a judgment against the Defendants for actual damages to be determined by the trier of fact, and punitive damage in a sufficient amount to deter such similar conduct by these Defendants or others.

(*See id*.¶¶ 28-31).  For the reasons that follow, Section 2242(2)(B) is a criminal statute that does not create a federal private right of action.  As a result, there is no well-pled "federal question" that would support the Court's exercise of subject matter jurisdiction.  Therefore, the Court should dismiss Plaintiff's Complaint, because the Court lacks subject matter jurisdiction over Plaintiff's Complaint.

## **DISCUSSION/ARGUMENTS**

Congress has granted this Court "original [subject matter] jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  *See* 28 U.S.C. 1331.  "Federal courts are courts of limited subject matter jurisdiction, and as such there is no presumption that the court has jurisdiction." *Pinkley, Inc. v. City of Frederick*, 191 F. 3d 394, 399 (4th Cir. 1999).  "The objection that a federal court lacks subject-matter jurisdiction, *see* Fed. Rule Civ. Proc. 12(b)(1), may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment."  *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006).

"A case 'arises under' federal law when, based on the allegations in the complaint, 'federal law creates the cause of action' or 'a state-law cause of action implicat[es] a 'significant' federal issue.'" *Flying Pigs, LLC v. RRAJ Franchising, LLC*, 757 F.3d 177, 181 (4th Cir. 2014) (citation omitted).  A federal question is "necessarily raised" for purposes of § 1331 only if it is a "necessary element of one of the well-pleaded state claims." *Burrell v. Bayer Corp.*, 918 F.3d 372, 381 (4th Cir. 2019) (citation omitted).  "[I]f a federal law does not provide a private right of action, a state law action based on its violation does not raise a 'substantial' federal question." *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 152 (4th Cir. 1994).  "[E]ven in those cases in which a private federal remedy exists, the ultimate question turns on whether Congress intended that such an action, based on state law but incorporating a violation of federal law, be brought in federal court." *Handyman Network v. Westinghouse Savannah River Co.*, 868 F. Supp. 151, 154 (D.S.C.

{01182984.DOCX.1 }

1994).

The statute upon which Plaintiff relies (Section 2242) in his first cause of action provides, in relevant part:

> Whoever, in the special maritime and territorial jurisdiction of the United States[1] or in a Federal prison, or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency, knowingly— . . . engages in a sexual act with another person if that other person is . . . (B) physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act . . . or attempts to do so, shall be fined under this title and imprisoned for any term of years or for life.

*See* 18 U.S.C. § 2242(2)(B). Plaintiff claims that this statute was violated because "he was involuntarily intoxicated as a result of Defendant Babick's improper conduct." (*See* Docket Entry # 1 ¶ 29).

Section 2242 is a criminal statute that does not explicitly create any private right of action for damages. The "fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Cannon v. Univ. of Chicago*, 441 U.S. 677, 688 (1979). This Court should "begin with the presumption that if a statute does not expressly create a private cause of action, one does not exist." *See Ormet Corp. v. Ohio Power Co.,* 98 F.3d 799, 805 (4th Cir. 1996).

"No citizen has an enforceable right to institute a criminal prosecution." *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir. 1990). As a result, allegations of a violation of a federal criminal statute will normally not suffice to assert a federal question where the statute does not expressly create a private right of action:

> Plaintiff states the court has jurisdiction over his claims pursuant to 18 U.S.C. § 371, conspiracy to commit offense or to defraud United States. [ECF No. 1 at 3].

---

[1] The Complaint does not even support that this statute could apply here, since Plaintiff does not allege that he was abused in the "special maritime and territorial jurisdiction of the United States." *See* 18 U.S.C. § 7 (defining "special maritime and territorial jurisdiction of the United States").

{01182984.DOCX.1 }

> Section 371 is a criminal statute that provides criminal penalties, but does not give rise to civil liability. *See, e.g., Andrews v. Heaton*, 483 F.3d 1070, 1076 (7th Cir. 2007) (holding violations of criminal statutes such as 18 U.S.C. § 371 are not enforceable through a civil action); *Rockefeller v. U.S. Court of Appeals Office for Tenth Circuit Judges*, 248 F. Supp. 2d 17, 23 (D.D.C. 2003) (dismissing claim brought pursuant to 18 U.S.C. §§ 242, 371 "because, as criminal statutes, they do not convey a private right of action"). Because the court does not have federal question subject matter jurisdiction over Plaintiff's claims under § 1331, Plaintiff's complaint is subject to summary dismissal.

*Brett v. Blume*, No. 3:19-1134-JFA-SVH, 2019 U.S. Dist. LEXIS 84575, at *5 (D.S.C. Apr. 19, 2019) (Ex. A); *accord Bryant v. United States Dep't of Educ.,* No. 2:18-cv-2217-MBS-MGB, 2018 U.S. Dist. LEXIS 180720, at *7 (D.S.C. Oct. 5, 2018) (Ex. B) ("Plaintiff lists 18 U.S.C. §§ 241, 242 (the "Enforcement Act") as a basis for federal question jurisdiction. [Citation omitted.] However, Plaintiff has no private cause of action under such criminal statutes."); *Rouhi v. Kettler*, No. 19-3052-SAG, 2020 U.S. Dist. LEXIS 111160, at *6 (D. Md. June 24, 2020) ("Rouhi's citation to various criminal statutes, which do not include private rights of action, does not permit this Court's exercise of federal question jurisdiction.") (Ex. C), *aff'd*, 831 F. App'x 636 (4th Cir. 2020) (Ex. D); *State v. Smith*, No. 2:10-401-DCN-RSC, 2010 U.S. Dist. LEXIS 29882, at *7 (D.S.C. Mar. 5, 2010) ("Plaintiff's citation to this criminal statute fails to provide a basis upon which this Court could exercise its federal question jurisdiction to consider the claims made in this Complaint.") (Ex. E).

It is apparent that "Congress did not create a private cause of action in section[] 2242." *Adeshina v. Clinton*, No. 4:21-cv-403-AW/MJF, 2021 U.S. Dist. LEXIS 249439, at *2 n.2 (N.D. Fla. Dec. 13, 2021) (Ex. F); *accord Blaise v. CIA*, No. 6:16-cv-1124-Orl-41TBS, 2016 U.S. Dist. LEXIS 180280, at *8 (M.D. Fla. July 25, 2016) ("Plaintiff has failed to establish that Congress created a private right of action for violations of this statute [Section 2242], which is part of the federal penal code.") (Ex. G). Nothing in the language of Section 2242 would suggest that Congress intended grant Plaintiff a private federal cause of action against Father Babick (or any other Defendant) that could support federal question jurisdiction.

It should be noted that, in *some limited* circumstances (not present here), Congress has recognized a private right of action under Section 2242 (and other related statutes). Specifically, federal law authorizes a cause of action for violation of Section 2242 *where the violation occurs while the victim is a minor*:

> Any person who, *while a minor*, was a victim of a violation of [18 U.S.C.] section . . . 2242 . . . and who suffers personal injury *as a result of such violation*, regardless of whether the injury occurred while such person was a minor, may sue in any appropriate United States District Court and shall recover the actual damages such person sustains or liquidated damages in the amount of $150,000, and the cost of the action, including reasonable attorney's fees and other litigation costs reasonably incurred.

*See* 18 U.S.C. § 2255(a) (emphasis added). Plaintiff does not (and cannot in good faith) allege that he was a victim of a violation of Section 2242(2)(B) "while a minor." To the contrary, the alleged abuse occurred *after* Plaintiff had graduated from St. Joseph's Seminary College. (*See* Docket Entry #1 ¶¶ 14-15). Therefore, it is clear that Sections 2242 and 2255(a) do not collectively create a federal, statutory right of action that could possibly apply under the facts alleged in this case.

Through Section 2255(a)'s creation of a private right of action for the abuse of a *minor* (but not one for the abuse of an adult), Congress made clear that it did *not* intend to create a private right of action for the abuse of *an adult* under Section 2242. "The time-honored maxim *expressio unius est exclusio alterius* ('the expression of one thing implies the exclusion of another') applies with great force here." *Ayes v. United States VA*, 473 F.3d 104, 110-11 (4th Cir. 2006); *accord United States v. Hodge*, 902 F.3d 420, 427 (4th Cir. 2018) ("[T]his express identification of some convictions as ACCA predicates implies an intentional exclusion of the others."). If Congress intended for Section 2242 to create a private right of action for the sexual abuse of an adult, it could have said so. By expressly recognizing a cause of action only for the violation of Section 2242 with regard to a minor, Congress excluded and implicitly refused to recognize a cause of action for conduct occurring while the victim is an adult.

{01182984.DOCX.1 }

Contrary to Plaintiff's allegations, Section 2242 does not create a private right of action for his benefit. "[T]he congressional determination that there should be no federal remedy for the violation of this federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." *Merrell Dow Pharm., Inc. v. Thompson*, 478 U.S. 804, 814 (1986). Because Section 2242 does not create a private right of action, Plaintiff's reliance upon it to support federal question jurisdiction is misplaced.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendant Father Babick's Motion to Dismiss and should dismiss Plaintiff's Complaint because the Court does not have subject matter jurisdiction over the claims alleged therein.

|  |  |
|---|---|
|  | BARNWELL, WHALEY, PATTERSON, AND HELMS, LLC |
|  | By: s/ John W. Fletcher<br>M. Dawes Cooke, Jr., Esq.<br>John W. Fletcher, Esq.<br>P.O. Drawer H (29402)<br>211 King Street, Suite 300<br>Charleston, SC  29401 |
| Dated: July 25, 2022<br>Charleston, South Carolina | (843) 577-7700<br>*Counsel for Defendant Rev. Fr. Bryan Babick* |

{01182984.DOCX.1 }