# Brett v. Blume

United States District Court for the District of South Carolina

April 19, 2019, Decided; April 19, 2019, Filed

C/A No.: 3:19-1134-JFA-SVH

**Reporter**
2019 U.S. Dist. LEXIS 84575 *

Frank Brett, Plaintiff, vs. Robin Blume; Joe Biden, and Jill Biden, Defendants.

**Subsequent History:** Adopted by, Dismissed without prejudice by *Brett v. Blume, 2019 U.S. Dist. LEXIS 84159 (D.S.C., May 20, 2019)*

## Core Terms

federal court, pleadings, allegations, recommends, subject matter jurisdiction, district court, pro se

**Counsel:** [*1] Frank Brett, Plaintiff, Pro se, Philadelphia, PA.

**Judges:** Shiva V. Hodges, United States Magistrate Judge.

**Opinion by:** Shiva V. Hodges

## Opinion

REPORT AND RECOMMENDATION

Frank Brett ("Plaintiff"), proceeding pro se, filed this complaint against Robin Blume, Joe Biden, and Jill Biden ("Defendants").[1] Pursuant to the provisions of *28 U.S.C. § 636(b)(1)(B)* and Local Civ. Rule 73.02(B)(2)(e) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the complaint without prejudice and without issuance and service of process.

---

[1] Plaintiff may be attempting to name as defendants 90 or more additional persons, with varying degrees of identification, but including Clerks of Court, U.S. Marshal deputies, law enforcement officers from various states, and attorneys. Because many of the names are illegible and the allegations against each are unclear, the Clerk of Court did not include all of these names on the docket.

I. Factual and Procedural Background

Plaintiff filed a 31-page complaint which is largely comprised of incoherent and unintelligible allegations discussing events spanning a period of approximately 25 years. [ECF No. 1]. Plaintiff makes conclusory statements that crimes were committed against him and that various persons harassed and threatened him. *Id.* Plaintiff also includes several pages of what appear to be license plate numbers with the make and model of cars and race and sex of the drivers. *Id.* At 13-14, 27-31. Plaintiff seeks three million dollars in damages. *Id.* at 5.

II. Discussion

A. Standard [*2] of Review

Plaintiff filed this action pursuant to *28 U.S.C. § 1915*, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that an action fails to state a claim on which relief may be granted or is frivolous or malicious. *28 U.S.C. § 1915(e)(2)(B)(i), (ii)*. A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992)*. A claim based on a meritless legal theory may be dismissed sua sponte under *28 U.S.C. § 1915(e)(2)(B)*. See *Neitzke v. Williams, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)*; *Allison v. Kyle, 66 F.3d 71, 73 (5th Cir. 1995)*.

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978)*. A federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007)*. In evaluating a pro se complaint, the plaintiff's allegations

are assumed to be true. *Fine v. City of N.Y., 529 F.2d 70, 74 (2d Cir. 1975)*. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal **[*3]** construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services, 901 F.2d 387, 390-91 (4th Cir. 1990)*.

B. Analysis

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998)*. Accordingly, a federal court is required, *sua sponte*, to determine if a valid basis for its jurisdiction exists "and to dismiss the action if no such ground appears." *Id. at 352*; *see also Fed. R. Civ. P. 12(h)(3)* ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Although the absence of subject matter jurisdiction may be raised at any time during the case, determining jurisdiction at the outset of the litigation is the most efficient procedure. *Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999)*.

There is no presumption that a federal court has jurisdiction over a case, *Pinkley, Inc. v. City of Frederick, MD., 191 F.3d 394, 399 (4th Cir. 1999)*, and a plaintiff must allege facts essential to show jurisdiction in his pleadings. *McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S. Ct. 780, 80 L. Ed. 1135 (1936)*; *see also Dracos v. Hellenic Lines, Ltd., 762 F.2d 348, 350 (4th Cir. 1985)* ("[P]laintiffs must affirmatively plead the jurisdiction of the federal court."). To this end, *Fed. R. Civ. P. 8(a)(1)* requires that the complaint provide "a short and plain statement of the grounds for the court's jurisdiction[.]" **[*4]** When a complaint fails to include "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." *Pinkley, 191 F.3d at 399* (citations omitted). However, if the court, viewing the allegations in the light most favorable to a plaintiff, finds insufficient allegations in the pleadings, the court will lack subject matter jurisdiction. *Id.*

Plaintiff alleges the court has subject matter jurisdiction over his claims pursuant to federal question jurisdiction, *28 U.S.C. § 1331*, which provides that: "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." [ECF No. 2]. "[A] claim of federal question jurisdiction is to be resolved on the basis of the allegations of the complaint itself." *Burgess v. Charlottesville Sav. and Loan Ass'n, 477 F.2d 40, 43 (4th Cir. 1973)*. Therefore, a complaint must "contain allegations 'affirmatively and distinctly' establishing federal grounds 'not in mere form, but in substance' and 'not in mere assertion, but in essence and effect.'" *Id.* (citing *Cuyahoga Co. v. Northern Ohio Co., 252 U.S. 388, 397, 40 S. Ct. 404, 64 L. Ed. 626 (1920))*. "[T]he mere assertion in a pleading that the case is one involving the construction or application of the federal laws does not authorize the **[*5]** District Court to entertain the suit." *Malone v. Gardner, 62 F.2d 15, 18 (4th Cir. 1932)*.

Plaintiff states the court has jurisdiction over his claims pursuant to *18 U.S.C. § 371*, conspiracy to commit offense or to defraud United States. [ECF No. 1 at 3]. *Section 371* is a criminal statute that provides criminal penalties, but does not give rise to civil liability. *See, e.g., Andrews v. Heaton, 483 F.3d 1070, 1076 (7th Cir. 2007)* (holding violations of criminal statutes such as *18 U.S.C. § 371* are not enforceable through a civil action); *Rockefeller v. U.S. Court of Appeals Office for Tenth Circuit Judges, 248 F. Supp. 2d 17, 23 (D.D.C. 2003)* (dismissing claim brought pursuant to *18 U.S.C. §§ 242, 371* "because, as criminal statutes, they do not convey a private right of action"). Because the court does not have federal question subject matter jurisdiction over Plaintiff's claims under *§ 1331*, Plaintiff's complaint is subject to summary dismissal.[2]

The undersigned finds Plaintiff cannot cure the deficiencies of his complaint through amendment, as his complaint is composed of nonsensical statements that fail to state a federal cause of action. Federal judges are not pigs searching for truffles and federal courts are not required to be "mind readers" or advocates for pro se litigants in construing pro se pleadings, *see Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985)*. The court may dismiss a complaint as frivolous where it lacks an arguable basis in law or in fact. *Holloway v. Pagan River Dockside Seafood, Inc., 669 F.3d 448,*

---

[2] Plaintiff's complaint also fails to demonstrate sufficient facts to satisfy the diversity jurisdiction requirements of *28 U.S.C. § 1332*, as Plaintiff and at least one of the defendants are citizens of the same state.

2019 U.S. Dist. LEXIS 84575, *5

*452-53 (4th Cir. 2012)* (noting a federal court lacks subject matter **[*6]** jurisdiction over a complaint raising claims "'so insubstantial, implausible . . . or otherwise completely devoid of merit as not to involve a federal controversy'") (citation omitted). Accordingly, the court finds any amendment would be futile.

III. Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the court dismiss the complaint without prejudice and without issuance and service of process.

IT IS SO RECOMMENDED.

/s/ Shiva V. Hodges

Shiva V. Hodges

United States Magistrate Judge

April 19, 2019

Columbia, South Carolina

**End of Document**