# Bryant v. United States Dep't of Educ.

United States District Court for the District of South Carolina, Charleston Division

October 5, 2018, Decided; October 5, 2018, Filed

Case No. 2:18-cv-2217-MBS-MGB

**Reporter**
2018 U.S. Dist. LEXIS 180720 *

Anthony G. Bryant, Plaintiff, v. US Department of Education, Federal Bureau of Investigation, Alcohol Tobacco Firearms and Explosive, Drug Enforcement Administration, Defendants.

**Subsequent History:** Adopted by, Dismissed without prejudice by *Bryant v. United States Dep't of Educ., 2018 U.S. Dist. LEXIS 180428 (D.S.C., Oct. 19, 2018)*

**Prior History:** *Bryant v. IRS, 2018 U.S. Dist. LEXIS 179960 (D.S.C., Sept. 18, 2018)*

## Core Terms

frivolous, allegations, federal question, immunity, subject matter jurisdiction, Recommendation, district court, federal agency, pro se, courts, liberal construction, inherent authority, summary dismissal, federal court, attachments, nonsensical, appears

**Counsel:** [*1] Anthony G Bryant, Plaintiff, Pro se, Charleston, SC.

**Judges:** MARY GORDON BAKER, UNITED STATES MAGISTRATE JUDGE.

**Opinion by:** MARY GORDON BAKER

## Opinion

### REPORT AND RECOMMENDATION

Anthony Bryant ("Plaintiff") is a nonprisoner litigant who is proceeding *pro se* and *in forma pauperis*. Pursuant to *28 U.S.C. §636(b)(1)* and Local Rule 73.02(B)(2)(D.S.C.), the United States Magistrate Judge is authorized to review the record and to submit findings and recommendations to the United States District Judge. Upon review, the Magistrate Judge recommends that the Amended Complaint (DE#11) should be **summarily dismissed with prejudice**, and without issuance and service of process for the following reasons:

### I. Relevant Law

#### A. Liberal Construction

*Pro se* pleadings are given liberal construction and are held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007)*. However, "[t]he 'special judicial solicitude' with which a district court should view ... *pro se* filings does not transform the court into an advocate. *United States v. Wilson, 699 F.3d 789, 797 (4th Cir. 2012)*, cert. denied, 569 U.S. 998, 133 S. Ct. 2401, 185 L. Ed. 2d 1112 (2013). Only those questions which are squarely presented to a court may properly be addressed." *Weller v. Dept. of Soc. Servs., City of Baltimore, 901 F.2d 387, 391 (4th Cir. 1990)*. Giving "liberal construction" does not mean that the Court can ignore a prisoner's clear failure to allege facts that set forth a cognizable claim. [*2] "Principles requiring generous construction of *pro se* complaints ... [do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985)*, cert. denied, 475 U.S. 1088, 106 S. Ct. 1475, 89 L. Ed. 2d 729 (1986).

#### B. Standard of Review

Upon application, an indigent litigant may commence an action "*in forma pauperis*" in federal court without prepaying the administrative costs of proceeding with the lawsuit. *28 U.S.C. § 1915(a)(1)*. To protect against possible abuses of this privilege, the statute allows the court to dismiss the case upon finding that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." *28 U.S.C. §1915(e)(2)(B)*. A finding of frivolity can be made where

the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez, 504 U.S. 25, 31, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992)*. Under *28 U.S.C. §1915(e)(2)(B)*, a claim based on a meritless legal theory may be dismissed *sua sponte* "at any time." *Neitzke v. Williams, 490 U.S. 319, 326, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)*. "*Rule 12(b)(6)* authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Id.*

### C. Inherent Authority to Dismiss Frivolous Case

The United States Supreme Court has observed that federal district courts possess inherent authority to dismiss a frivolous case. *See Mallard v. United States District Court, 490 U.S. 296, 307-08, 109 S. Ct. 1814, 104 L. Ed. 2d 318 (1989)* ("*Section 1915(d)* ... authorizes courts to dismiss a 'frivolous or malicious' **[*3]** action, but there is little doubt they would have power to do so even in the absence of this statutory provision."); *see also Hagans v. Lavine, 415 U.S. 528, 536-537, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1974)* (holding that federal district courts may dismiss claims that are "so attenuated and unsubstantial as to be absolutely devoid of merit").

Consistent with such authority, the Fourth Circuit Court of Appeals has held that "frivolous complaints are subject to summary dismissal pursuant to the inherent authority of the court." *Ross v. Baron, 493 F.App'x 405, 406 (4th Cir. Aug. 22, 2012)*; *and see, e.g., Cabbil v. United States, Case No. 1:14-cv-4122-JMC-PJG, 2015 U.S. Dist. LEXIS 151361, 2015 WL 6905072, *5 (D.S.C. Nov. 9, 2015)* (same), *appeal dism'd*, 641 Fed. Appx. 264, 2016 WL 1085106 (4th Cir. 2016); *Anderson v. Patterson, Case No. 6:16-761-MGL-JDA, 2016 U.S. Dist. LEXIS 58099, 2016 WL 1743095 (D.S.C. April 12, 2016)*, *adopted by 2016 U.S. Dist. LEXIS 57917, 2016 WL 1732763 (D.S.C. May 2, 2016)*. "A suit is frivolous if it lacks an arguable basis in law or fact." *Neitzke, 490 U.S. at 325*; *McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009)*.

Therefore, the present Complaint is subject to review pursuant to the inherent authority of this Court to ensure that subject matter jurisdiction exists and that the case is not frivolous. *See e.g., Carter v. Ervin, Case No. 0:14—cv—00865—TLW-PJG, 2014 U.S. Dist. LEXIS 74581, 2014 WL 2468351, *3 (D.S.C. June 2, 2014)*, *appeal dism'd*, *585 F.App'x 98 (4th Cir. 2014)*; *Mayhew, 2014 U.S. Dist. LEXIS 13552, 2014 WL 468938 at *1, fn.1* (exercising inherent authority to summarily dismiss a frivolous case).

### II. Backround

Plaintiff filed a nonsensical Complaint (DE# 1, 08/13/2018). This Court gave Plaintiff an opportunity to amend his pleading. (DE# 7, Order of 08/15/2018). Plaintiff subsequently filed an Amended **[*4]** Complaint (DE# 11). In his Amended Complaint, Plaintiff names four federal agencies as Defendants: the United States Department of Education, Federal Bureau of Investigation ("FBI"), Alcohol Tobacco Firearms and Explosive ("ATF"), and the Drug Enforcement Administration ("DEA").

The Amended Complaint's "Statement of the Claim" consists of the following (verbatim):

> Filed 1977 Inspector General complaint claiming waste, fraud and abuse of federal financial insurance racial patterns c *42 U.S.C. § 2000d* and *42 U.S.C. § 3789* dc.

(DE# 11 at 5, ¶ III).

For relief, Plaintiff states the following (verbatim):

> *Fourteenth Amendment* violated for requesting a performance audit by FBI, DEA, ATF and Homeland Security via ID theft U.S. Dept. of Education.

(*Id.*, ¶ IV "Relief").

Plaintiff attaches nine pages of exhibits, none of which shed any light on his Amended Complaint. (DE# 11-1). The exhibits include: a letter response (stamped 2010) to Plaintiff's enquiry to the Department of Justice regarding the "effects of the Charleston County Incinerator (at 1); a 2013 letter response by the Department of Health and Human Services to a *FOIA* request by Plaintiff, explaining that it does "not routinely collect or retain the type of records in which you express interest" **[*5]** (at 2); a nonsensical 3-page letter by Plaintiff to the General Counsel for the Charleston County Consolidated Schools (at 3-5); a 2011 FOIA response letter from such counsel (at 6); the cover page of a pamphlet for the DOJ (at 7); a 2008 letter from SCDOT giving Plaintiff an extension of time to submit information for business certification (at 8); and a letter from the office of Senator Tim Scott (at 9).

### III. Discussion

Review of the Amended Complaint reflects numerous grounds for summary dismissal.

### A. Failure to State a Claim

The United States Supreme Court has made it clear that more than conclusory statements are required to state a plausible claim. *Ashcroft v. Iqbal, 556 U.S. 662, 677-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)*. A plaintiff must allege specific facts that adequately support the claim. *Id.* The present Complaint fails to state any factual or legal basis for any federal claims. Although courts give "liberal construction" to *pro se* pleadings, the Fourth Circuit Court of Appeals has emphasized that federal courts may not "ignore a petitioner's clear failure to allege facts that set forth a cognizable claim." *Wilson, 699 F.3d at 797*.

The allegations of the Plaintiff's Amended Complaint are nonsensical and incoherent. Plaintiff does not allege any supporting facts that suggest **[*6]** any constitutional violation or any violation of federal law. The Amended Complaint consists of disjointed phrases and citations that fail to state a claim. The Amended Complaint's attachments and other exhibits in the record do not clarify matters. (DE# 11-1, 15-25). Even liberally construing the allegations of the Amended Complaint, it is not possible to discern any plausible claims from the disconnected sentence fragments in it. For example, although Plaintiff lists *42 U.S.C. § 3789* (also known as the *Safe Streets Act of 1968*), the Amended Complaint makes no allegations pertaining to such statute. *See, e.g. NAACP v. City of Myrtle Beach*, Case No. 4:03-1732-25-TLW, 2006 WL 2038257 (D.S.C. July 20, 2006) (discussing such statute with respect to traffic patterns for events).

The Fourth Circuit Court of Appeals has emphasized that "[p]rinciples requiring generous construction of *pro se* complaints ... [do] not require ... courts to conjure up questions never squarely presented to them." *Beaudett, 775 F.2d at 1278*. Plaintiff has submitted various attachments and hand-written "Declarations" that are disconnected in logic and grammar, and refer to unrelated events (DE# 15-23). Plaintiff also filed several documents labeled as "Objections" (DE#24-25), although no Report and **[*7]** Recommendation had been filed in this case at that time. The attached exhibits shed no light on the Amended Complaint, and any relevance cannot be discerned. The Amended Complaint fails to state a plausible claim, and therefore, summary dismissal is appropriate.

### B. Frivolity

Moreover, the Amended Complaint appears to lack any arguable basis in law or in fact, and therefore is subject to dismissal as frivolous. *Denton, 504 U.S. at 31*. For example, Plaintiff lists *18 U.S.C. §§ 241*, *242* (the "*Enforcement Act*") as a basis for federal question jurisdiction. (DE# 11 at 3). However, Plaintiff has no private cause of action under such criminal statutes. *See United States v. McLean, 808 F.2d 1044, 1046 (4th Cir. 1987)* (discussing criminal prosecution under such statute). Any claim based on *18 U.S.C. §§ 241*, *242* fails as a matter of law since that federal criminal statute does not create a private right of action. *See Davis v. Sarles, 134 F.Supp.3d 223, 228 (D.D.C. Sept. 29, 2015)* (citing *Crosby v. Catret, 308 F.App'x 453 (D.C.Cir. 2009)* (per curiam) ("there is no private right of action under these criminal statutes"). This legal deficiency cannot be remedied through more specific factual pleading. *Adams v. Rice, 40 F.3d 72, 76 n.1 (4th Cir.1994)*, *cert. denied*, 514 U.S. 1022, 115 S. Ct. 1371, 131 L. Ed. 2d 227 (1995). Given the nature of Plaintiff's nonsensical pleadings and lengthy irrelevant attachments scattered throughout the record, it is readily apparent that further amendment would not cure the deficiencies of the **[*8]** Amended Complaint and would be futile.

Plaintiff has filed a nonsensical Amended Complaint whose meaning the Court can only guess. Plaintiff's allegations are incomprehensible, and even with liberal construction, no claims can be discerned. Plaintiff's allegations are indecipherable and consist of random unrelated sentence fragments. Although Plaintiff's allegations are unclear, his attachments and sentence fragments also appear to be duplicative of other lawsuits that Plaintiff has recently filed.[1] The Fourth Circuit Court of Appeals has instructed that "district courts are not required to entertain duplicative or redundant lawsuits and may dismiss such suits as frivolous pursuant to *§ 1915(e)*." *Cottle v. Bell, 2000 U.S. App. LEXIS 19956, 2000 WL 1144623, *1 (4th Cir. Aug.14, 2000)* (per curiam); *Southern Holdings, Inc. v. Horry Cty., South Carolina, Case No. 4:02-1859-RBH, 2014 U.S. Dist.*

---

[1] See Case Nos. 2:18-cv-606-MBS, *Bryant v. Internal Revenue Service, et* **[*9]** *al*; 2:18-cv-607-MBS, *Bryant and the Bryant Group v. Internal Revenue Service, et al.*; 2:18-cv-1436-MBS-MGB, *Bryant v. Environmental Protection Agency, et al*; 2:18-cv-2159-MBS-MGB, *Bryant v. U.S. Dept. of Transportation, et al*; 2:18-cv-2217-MBS-MGB, *Bryant v. U.S. Dept. of Educ., et al*; 2:18-cv-2582-MBS-MGB, *Bryant v. U.S. Marshal, et al*; and 2:18-cv-2593-MBSMGB, *Bryant v. U.S. Dept. of Interior, et al.*

LEXIS 165974, 2014 WL 11071017, *6 (D.S.C. June 11, 2014) (same); Paul v. de Holczer, Case No. 3:15-2178—CMC—PJG, 2015 U.S. Dist. LEXIS 98835, 2015 WL 4545974, *6 (D.S.C. July 28, 2015) ("the instant Complaint should be summarily dismissed as a frivolous duplicate filing in the interest of judicial economy and efficiency"), affirmed, 631 F.App'x 197 (4th Cir. Feb. 4, 2016); Reynolds v. Third Circuit Pub. Def. Office, Case No. 4:17-cv-3469-BHH-MGB, 2018 U.S. Dist. LEXIS 34639, 2018 WL 1322102, *5 (D.S.C. Feb. 6, 2018), adopted, 2018 U.S. Dist. LEXIS 33193, 2018 WL 1124592 (D.S.C. Mar. 1, 2018) (summarily dismissing duplicate case as frivolous). Therefore, summary dismissal is appropriate.

**C. Lack of Subject Matter Jurisdiction**

Although Plaintiff cites the First and Fourteenth Amendments to the United States Constitution, he makes no allegations pertaining to them. In fact, Plaintiff's allegations are so disconnected and incoherent that it appears that subject matter jurisdiction may be lacking here. Federal-question jurisdiction requires that a party assert a substantial federal claim. Hagans v. Lavine, 415 U.S. 528, 536, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1976); see also Baker v. Carr, 369 U.S. 186, 199, 82 S. Ct. 691, 7 L. Ed. 2d 663 (1962) (holding that if jurisdiction is based on a federal question, the plaintiff must show that he has alleged a claim under federal law that is not frivolous). Plaintiff has failed to do so. His allegations are inadequate to allege a substantial federal claim.

This federal court has an "independent obligation" to investigate the limits of its subject-matter jurisdiction. See Arbaugh v. Y & H Corp., 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006). The obligation to examine subject-matter jurisdiction is triggered whenever that jurisdiction is "fairly in doubt." Iqbal, 556 U.S. at 671. It is well settled that federal courts are courts of limited jurisdiction and possess only [*10] the power authorized by the United States Constitution and federal statutes. See Willy v. Coastal Corp., 503 U.S. 131, 136-37, 112 S. Ct. 1076, 117 L. Ed. 2d 280 (1992); Bender v. Williamsport Area School Dist., 475 U.S. 534, 541, 106 S. Ct. 1326, 89 L. Ed. 2d 501 (1986); Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). The burden of establishing jurisdiction rests upon the party asserting jurisdiction. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 182-83, 56 S. Ct. 780, 80 L. Ed. 1135 (1936). The two most commonly recognized and utilized bases for federal court jurisdiction are (1) "federal question," 28 U.S.C. § 1331, and (2) "diversity of citizenship." 28 U.S.C. § 1332. On the pre-printed complaint form, Plaintiff checks the box for federal question. (DE# 11 at 3, ¶ II "Basis for Jurisdiction"). He also refers to 18 U.S.C. §§ 241 and 242, which provide no private cause of action.

Plaintiff also refers to the "1977 Inspector General Act." Courts have explained that "Congress' intent in passing the IG Act, and giving the [Office of the Inspector General] such broad investigatory and subpoena powers, was to facilitate the detection of waste, fraud and abuse in federally-funded programs." U.S. on Behalf of Agency for Intern. Development v. First Nat. Bank of Md., 866 F.Supp. 884, 886 (D.Md. Sept. 28, 1994) (citing S.Rep. No. 1071, 95th Cong., 2d Sess. 4 (1978), reprinted in 1978 U.S.C.C.A.N. 2676, 2679). Plaintiff fails to explain any relevance to the present lawsuit, as the Plaintiff does not have authority to demand an audit of a federal agency or to seek enforcement of the Inspector General's subpoenas. See, e.g., United States v. Newport News Shipbuilding and Dry Dock, Co., 837 F.2d 162, 165 (4th Cir. 1988) (discussing statutory authorization for audits and subpoena [*11] power of the Defense Contract Audit Agency).

With respect to "federal question" jurisdiction, the allegations of the Amended Complaint do not indicate that this case is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff does not plausibly state any facts that would suggest a violation of any federal statute or constitutional provision by the Defendants. Even though Plaintiff asserts federal question jurisdiction here, this court is not bound by Plaintiff's characterization of his suit because there are no facts alleged to support any federal cause of action. No cognizable basis for federal jurisdiction is apparent from the face of the pleading.

When considering the issue of whether a case is one "arising under the Constitution . . ." or, in other words, whether "federal question" jurisdiction exists in a case, a federal court is not bound by a party's characterization of the case. District courts are authorized to disregard such characterizations to avoid "unjust manipulation or avoidance of its jurisdiction." Lyon v. Centimark Corp., 805 F. Supp. 333, 334-35 (E.D.N.C. 1992); Louisville & Nashville R. v. Mottley, 211 U.S. 149, 29 S. Ct. 42, 53 L. Ed. 126 (1908); Gully v. First Nat'l Bank in Meridian, 299 U.S. 109, 57 S. Ct. 96, 81 L. Ed. 70 (1936) ("Not every question of federal law emerging in a suit is proof that a

federal law is the basis of the suit."). Thus, even though Plaintiff **[*12]** appears to assert that his Amended Complaint was filed under federal-question jurisdiction, this court may disregard such assertion because no plausible basis for federal question jurisdiction is actually presented.

### D. Sovereign Immunity

Plaintiff's Amended Complaint names four agencies of the federal government as defendants. (DE#11). It is well-settled that federal agencies are entitled to sovereign immunity unless Congress waives immunity and consents to suit. *Global Mail Ltd. v. U.S. Postal Service, 142 F.3d 208, 210 (4th Cir. 1998)*; *Moore v. U.S. Dept. of Agric., 55 F.3d 991, 995 (5th Cir. 1995)* ("*Bivens*-type claims cannot be brought against federal agencies").[2] Plaintiff may not sue the United States or its agencies without their consent. *See FDIC v. Meyer, 510 U.S. 471, 484-86, 114 S. Ct. 996, 127 L. Ed. 2d 308 (1994)* (holding that suit against federal agency could not proceed); *Reinbold v. Evers, 187 F.3d 348, 355 n.7 (4th Cir. 1999)* ("*Bivens* does not allow for recovery of money damages, or suits in general, against the government itself."); *Doe v. Chao, 306 F.3d 170, 184 (4th Cir. 2002)* ("a *Bivens* action does not lie against either agencies or officials in their official capacity"); *Randall v. United States, 95 F.3d 339, 345 (4th Cir. 1996)* (same).

Sovereign immunity deprives a court of jurisdiction. *Global Mail Ltd., 142 F.3d at 210*; *United States v. Jones, 225 F.3d 468, 469 (4th Cir. 2000)*, *cert. denied*, 532 U.S. 1053, 121 S. Ct. 2195, 149 L. Ed. 2d 1026 (2001). This cannot be remedied through more specific factual pleading. *Rice, 40 F.3d at 76*. Thus, the Amended Complaint against the federal agencies is subject to dismissal based on sovereign immunity.

### E. With or Without Prejudice

The only remaining question **[*13]** is whether to dismiss this case with or without prejudice. Despite availing himself of the opportunity to amend, Plaintiff has filed an Amended Complaint that fails to state a plausible claim for relief. The Fourth Circuit Court of Appeals has emphasized that dismissal under *Rule 12(b)(6)* is generally with prejudice unless the court specifically orders that the dismissal is without prejudice (and provides an explanation for using its discretion to deviate from the general rule). *Abdul-Mumit, et al. v. Alexandria Hyundai, LLC, et al, 896 F.3d 278, 2018 WL 3405474, *5 (4th Cir. 2018)* (citing *Carter v. Norfolk Community Hosp. Assoc., Inc., 761 F.2d 970, 974 (4th Cir. 1985))*. Here, the Amended Complaint fails to state a claim for which relief may be granted, is legally and factually frivolous, and seeks monetary damages against federal defendants who are immune from such relief. See *28 U.S.C. § 1915(e)(2)(B)*. For all these reasons, the Amended Complaint is subject to dismissal with prejudice.

"Unless otherwise specified, a dismissal for failure to state a claim under *Rule 12(b)(6)* is presumed to be both a judgment on the merits and to be rendered with prejudice." *McLean, 566 F.3d at 396*; *Carter, 761 F.2d at 974* ("A district court's dismissal under *Rule 12(b)(6)* is, of course, with prejudice unless it specifically orders dismissal without prejudice."). Here, it appears that the deficiencies in the Plaintiff's Amended Complaint cannot be remedied through more specific pleading. **[*14]** See *Rice, 40 F.3d at 76 n.1* (holding that dismissal with prejudice was therefore appropriate). The Fourth Circuit Court of Appeals has explained that "[o]nce a court has determined that the complaint is truly unamendable, a dismissal without prejudice is of little benefit to the litigant, as the claim cannot be made viable through reformulation." *McLean, 566 F.3d at 399*. In his Amended Complaint, Plaintiff refers to several federal statutes, without any supporting facts or explanation. Thus, alternatively, the District Court would be within its discretion to dismiss this case without prejudice for lack of subject matter jurisdiction.

### IV. Conclusion

In conclusion, the Plaintiff's Amended Complaint fails to state a claim for which relief may be granted, is legally and factually frivolous, and seeks monetary damages against federal defendants who are immune from such relief. See *28 U.S.C. §1915(e)(2)(B)*. For these reasons, the Plaintiff's Amended Complaint is subject to dismissal with prejudice. Alternatively, the Amended Complaint appears to be so incoherent that subject matter jurisdiction may be lacking here. Amendment has not cured such pleading deficiency, and further amendment would appear to be futile. Absent subject matter

---

[2] See *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388, 397, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971)* (establishing a cause of action against federal officials for violation of federal constitutional rights).

jurisdiction, dismissal **[*15]** without prejudice may be appropriate in this situation.

## V. Recommendation

Accordingly, the Magistrate Judge recommends that the Plaintiff's Amended Complaint (DE#11) should be **summarily dismissed with prejudice**, and without issuance and service of process; alternatively, if the District Judge determines that the Plaintiff's Amended Complaint is so insubstantial that subject matter jurisdiction is lacking, the Amended Complaint may, in the District Judge's discretion, be dismissed without prejudice, and without issuance and service of process.

**IT IS SO RECOMMENDED**.

/s/ Mary Gordon Baker

MARY GORDON BAKER

UNITED STATES MAGISTRATE JUDGE

October 5, 2018

Charleston, South Carolina

**End of Document**