# [Rouhi v. Kettler](#)

United States District Court for the District of Maryland

June 24, 2020, Decided; June 24, 2020, Filed

19-3052-SAG

**Reporter**
2020 U.S. Dist. LEXIS 111160 *; 2020 WL 3451871

Rouhi v. Kettler, et al.,

**Subsequent History:** Affirmed by [Rouhi v. Kettler, 2020 U.S. App. LEXIS 39960 (4th Cir. Md., Dec. 21, 2020)](#)

## Core Terms

federal question, original jurisdiction, subject matter jurisdiction, supplemental jurisdiction, private right of action, diversity jurisdiction, criminal statute, district court, diversity, resident, courts, motion to dismiss, citizenship, assertions, frivolous

**Counsel:** [*1] Tamara Rouhi, Plaintiff, Pro se, Owings Mills, MD.

For Kettler, Defendant: Charles L Simmons, Jr, LEAD ATTORNEY, Whiteford, Taylor & Preston, Baltimore, MD.

For Habitat America LLC, Defendant: Charles B Peoples, Thomas Thomas and Hafer LLP, Baltimore, MD; Mark Anthony Kozlowski, Law Offices of Jonathan P. Stebenne, Baltimore, MD.

**Judges:** Stephanie A. Gallagher, United States District Judge.

**Opinion by:** Stephanie A. Gallagher

## Opinion

LETTER OPINION

Dear Ms. Rouhi and Counsel:

Plaintiff Tamara Rouhi filed this lawsuit, *pro se*, against Kettler and Habitat America, LLC ("Habitat"), alleging a wide variety of violations relating to the management of her unit in the Timbercroft Townhomes community in Owings Mills, Maryland. ECF 1. Kettler and Habitat have each filed Motions to Dismiss, asserting that this Court lacks subject matter jurisdiction over Rouhi's claims, and, alternatively, that the Complaint fails to state a claim upon which relief can be granted.[1] ECF 8, 17. I have reviewed those motions, along with the relevant oppositions, supplements, and replies. ECF 10, 19, 20, 21, 24, 28. No hearing is necessary. *See* [Loc. R. 105.6 (D. Md. 2018)](#). For the reasons stated herein, both motions to dismiss will be granted for lack of subject [*2] matter jurisdiction, and Rouhi's Complaint will be dismissed without prejudice.

As courts of limited jurisdiction, federal courts "may not exercise jurisdiction absent a statutory basis." [Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552, 125 S. Ct. 2611, 162 L. Ed. 2d 502 (2005)](#). In fact, "[a] court is to presume . . . that a case lies *outside* its limited jurisdiction unless and until jurisdiction has been shown to be proper." [United States v. Poole, 531 F.3d 263, 274 (4th Cir. 2008)](#) (citing [Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994)](#)). Rouhi's Complaint states that jurisdiction is premised on federal question jurisdiction, diversity jurisdiction, and supplemental jurisdiction. ECF 1 at 2. Because Rouhi brought this action *pro se*, this Court affords her pleadings liberal construction. *See* [Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)](#); *see also* [Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir. 1978)](#). Essentially, *pro se* pleadings are held to a less stringent standard than those drafted by attorneys. [Hughes v. Rowe, 449 U.S. 5, 9-10, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980)](#) (per curiam). However, even liberal construction does not require district courts to "conjure up questions never squarely presented." [Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985)](#).

The burden rests with Rouhi, as "the party asserting jurisdiction to demonstrate that jurisdiction does, in fact, exist." [Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999)](#). If "a defendant challenges the existence of

---

[1] Regardless, questions of subject matter jurisdiction may be raised *sua sponte* by the court. [Brickwood Contrs., Inc. v. Datanet Eng'g, Inc., 369 F.3d 385, 390 (4th Cir. 2004)](#).

subject matter jurisdiction in fact, the plaintiff bears the burden of proving the truth of such facts by a preponderance of the evidence." *United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347 (4th Cir. 2009)*.

Each of Rouhi's three jurisdictional **[*3]** assertions will be addressed in turn.

## A. Federal Question Jurisdiction

Congress has invested the district courts with original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States, commonly called "federal question jurisdiction." *Exxon Mobil Corp., 545 U.S. at 552*; *28 U.S.C. § 1331*. While Rouhi's Complaint cites to six federal statutes and one Constitutional provision, all of her federal claims are frivolous, because they are expressly precluded by governing law. Because Rouhi has no private right of action as to the federal claims she asserts, her Complaint does not involve a federal controversy within the jurisdiction of this Court.[2]

Simple reference to federal statutes or constitutional provisions is insufficient to establish federal question jurisdiction, where no colorable claim exists. As the Fourth Circuit explained:

> It is equally clear that the federal question, to confer jurisdiction on the federal District Court, must be real and substantial, not colorable or frivolous. The federal question must really appear, not by mere inference or suggestion. *Hanford v. Davies, 163 U.S. 273, 16 S.Ct. 1051, 41 L.Ed. 157*; *Western Union Telegraph Co. v. Ann Arbor R. Co., 178 U.S. 239, 20 S.Ct. 867, 44 L.Ed. 1052*. And the federal question must be an essential or integral part of the plaintiff's case. *Tennessee v. Union & Planters' Bank, 152 U.S. 454, 14 S.Ct. 654, 38 L.Ed. 511*; *Shulthis v. McDougal, 225 U.S. 561, 32 S. Ct. 704, 56 L. Ed. 1205*. Mere references to the federal Constitution, **[*4]** laws or treaties and mere assertions that a federal question is involved are not sufficient to confer jurisdiction. *Starin v. New York, 115 U.S. 248, 6 S.Ct. 28, 29 L.Ed. 388*; *Farrell v. O'Brien, 199 U.S. 89, 25 S. Ct. 727, 50 L. Ed. 101*; *Lambert Run Coal Co. v. Baltimore & Ohio R. Co., 258 U.S. 377, 42 S.Ct. 349, 66 L.Ed. 671*. The federal courts have been vigilant to protect their jurisdiction against cases in which the alleged federal question is purely fictitious.

*McCartney v. State of West Virginia, 156 F.2d 739, 741 (4th Cir. 1946)*; see also *Bell v. Hood, 327 U.S. 678, 682, 66 S. Ct. 773, 90 L. Ed. 939 (1946)* (holding that a case is subject to dismissal for lack of subject matter jurisdiction "where the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.").

While this Court does not believe that Rouhi incorporated her federal claims solely for the purpose of obtaining federal jurisdiction, each of those claims suffers from a fatal defect. First, Rouhi asserts claims under five provisions of the United States Criminal Code: *18 U.S.C. § 668* (theft of major artwork from a museum); *18 U.S.C. § 641* (embezzlement of public money, property or records); *18 U.S.C. § 1012* (fraud against the Department of Housing and Urban Development); *18 U.S.C. § 1001* (false statement to a government official); and *18 U.S.C. § 1002* (possession of false papers to defraud the United States). As another judge of this Court has cogently explained, a civil plaintiff like **[*5]** Rouhi cannot bring suit under general criminal statutes:

> The Supreme Court has made clear that "the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Cannon v. Univ. of Chi., 441 U.S. 677, 688, 99 S. Ct. 1946, 60 L. Ed. 2d 560 (1979)*. Federal rights of action, like substantive federal law, "must be

---

[2] Even if this Court had found a basis to exercise federal question jurisdiction, this Court would grant Defendants' Motions to Dismiss on the basis of *Rule 12(b)(6)*, for failure to state a claim upon which relief can be granted, as to the federal claims Rouhi asserts without a viable private right of action against non-governmental defendants. The only distinction, if the case were to be adjudicated on that basis instead of on jurisdictional grounds, would be that this Court would have discretion to exercise supplemental jurisdiction over Rouhi's state law claims, because original jurisdiction would have arguably existed at the time the case was filed. Even under that scenario, the Court would exercise its "wide latitude" to decline to exercise supplemental jurisdiction under *28 U.S.C. § 1367(c)*, because there are no underlying issues of federal policy and no judicial economy concerns, at this early stage of the proceeding, weighing in favor of federal retention of Rouhi's state law claims. See *Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995)* (citing *Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n. 7, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988))*.

created by Congress." *Alexander v. Sandoval, 532 U.S. 275, 286, 121 S. Ct. 1511, 149 L. Ed. 2d 517 (2001)* (citing *Touche Ross & Co. v. Redington, 442 U.S. 560, 578, 99 S. Ct. 2479, 61 L. Ed. 2d 82 (1979))*. "To create a private right of action," the Fourth Circuit has explained, Congress must '"speak[] with a clear voice' and the statute must 'unambiguously' express the intent 'to create not just a private *right* but also a private *remedy*.'" *Clear Sky Car Wash LLC v. City of Chesapeake, 743 F.3d 438, 444 (4th Cir. 2014)* (quoting *Gonzaga Univ. v. Doe, 536 U.S. 273, 284, 122 S. Ct. 2268, 153 L. Ed. 2d 309 (2002)* (emphasis in *Gonzaga*). Where "Congress is silent or ambiguous, courts may not find a cause of action 'no matter how desirable that might be as a policy matter.'" *Planned Parenthood S. Atlantic v. Baker, 941 F.3d 687, 695 (4th Cir. 2019)* (quoting *Alexander, 532 U.S. at 286-87*). This holds true for federal criminal statutes. *See Doe v. Broderick, 225 F.3d 440, 448 (4th Cir. 2000)*; *Fed. Sav. & Loan Ins. Co. v. Reeves, 816 F.2d 130, 138 (4th Cir. 1987)*; accord *Tam Anh Pahm v. Deutsche Bank Nat. Trust Co., 583 F. App'x 216, 217 (4th Cir. 2014)*.

*McKenzie-El v. IRS, Civ. No. ELH-19-1956, 2020 U.S. Dist. LEXIS 31455, 2020 WL 902546, at \*14 (D. Md. Feb. 24, 2020)*.

None of the statutes Rouhi cites provides any private remedy for citizens to invoke in a civil suit, as they are "bare criminal statute[s], with absolutely no indication that civil enforcement of any kind [i]s available to anyone." *Cort v. Ash, 422 U.S. 66, 80, 95 S. Ct. 2080, 45 L. Ed. 2d 26 (1975)*; *see also, e.g.,* **[\*6]** *Phillips v. North Carolina, Civil No. 5:19-CV-111-D, 2020 U.S. Dist. LEXIS 81737, 2020 WL 2150526 (E.D.N.C. Mar. 24, 2020)* (dismissing case for lack of subject matter jurisdiction despite *pro se* plaintiff's citation to federal criminal statutes as basis for civil claim); *Almond v. Bank of New York Mellon, Civil No. 1:18-cv-3461-MLB-JKL, 2018 WL 4846002, at \*2 (N.D. Ga. July 20, 2018)* (finding lack of subject matter jurisdiction because "even if the Complaint could fairly be read as attempting to assert claims under *18 U.S.C. §§ 152* and *1001* against Defendant, those Claims cannot give this Court original jurisdiction because there is no private right of action under either statute."); *Ali v. Timmons, Civil No. 04-CV-0164E, 2004 U.S. Dist. LEXIS 14830, 2004 WL 1698445, at \*2 (W.D.N.Y. July 26, 2004)* ("Initially, plaintiff's claims for criminal theft and embezzlement must be dismissed because there is no private right of action, either express or implied, under the criminal statute raised by plaintiff, *18 U.S.C. § 641*."); *House v. Hastings, Civil No. 91 Civ. 3780 (JSM), 1992 U.S. Dist. LEXIS 1951, 1992 WL 44370, at \*1 n.1 (S.D.N.Y. Feb. 21, 1992)* ("Originally this action was brought under *18 U.S.C. 1001* and *18 U.S.C. 1002*, which do not readily provide for a private right of action."). Accordingly, Rouhi's citation to various criminal statutes, which do not include private rights of action, does not permit this Court's exercise of federal question jurisdiction.

Second, similarly, Rouhi invokes *10 U.S.C. § 921-121* (larceny), a provision of the Uniform Code of Military Justice. Like the criminal statutes cited above, *10 U.S.C. § 921-121* does not incorporate a private **[\*7]** right of action, and military justice has no application to a dispute between a tenant and her property management company. The only remedy provided in *921-121(b)* is that "any person found guilty of larceny or wrongful appropriation shall be punished as a court-martial may direct." Thus, Rouhi's civil claim under that military statute is improper and frivolous.

As her final federal claim, Rouhi's Complaint alleges "violations of rights granted by America (the *4th amendment*)." ECF 1 at 2. Because each action alleged in the complaint was taken by a private actor, a *Fourth Amendment* claim cannot lie. As courts have made clear unequivocally, "It is axiomatic that '[t]he *Fourth Amendment* protects against unreasonable searches and seizures by Government officials and those private individuals acting as instruments or agents of the Government . . .' The *Fourth Amendment*, however 'does not provide protection against searches by private individuals acting in a private capacity.'" *United States v. Day, 591 F.3d 679, 683 (4th Cir. 2010)* (quoting *United States v. Jarrett, 338 F.3d 339, 344 (4th Cir. 2003))*. According to Rouhi's allegations, most of the actions in question were taken by "Timbercroft employees." *See, e.g.*, ECF 1 at 5 ("Timbercroft employees constantly entered my home with their copy of my house key, usually with no prior notice"). Even under a liberal **[\*8]** construction of her Complaint, Rouhi does not allege that any such employees were acting as instruments or agents of the Government, and her constitutional claim, therefore, is also frivolous. In the absence of any real, substantial federal question, this Court lacks federal question jurisdiction over Rouhi's claims.

## B. Diversity Jurisdiction

In the absence of federal question jurisdiction, Rouhi has to demonstrate that this court has diversity

jurisdiction to entertain her case. Diversity jurisdiction exists "where the matter in controversy exceed the sum or value of $75,000, exclusive of interest and costs," and the litigation is between "citizens of different States." 28 U.S.C. § 1332(a)(1). Rouhi is a citizen of Maryland, and the Complaint alleges that Kettler is a Virginia company. The operative question, then, is the citizenship of Habitat, for purposes of determining whether complete diversity exists between the plaintiff and the defendants. *See* Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 377, 98 S. Ct. 2396, 57 L. Ed. 2d 274 (1978) (explaining that § 1332 requires *complete* diversity).

Critically, "For purposes of diversity jurisdiction, the citizenship of a limited liability company . . . is determined by the citizenship of all of its members." Cent. W. Va. Energy Co. v. Mountain State Carbon, LLC, 636 F.3d 101, 103 (4th Cir. 2011). "If one of those members is itself an LLC, then **[*9]** the party's citizenship must 'be traced through multiple levels,'" meaning that its citizenship derives from the membership of the parent LLC, as well as its own membership." Lay v. Caesars Enterprise Servs., LLC., Civil No. CCB-18-96, 2018 U.S. Dist. LEXIS 70632, 2018 WL 1947050, at *2 (Apr. 25, 2018) (quoting Mut. Assignment & Indemnification Co. v. Lind-Waldock & Co., 364 F.3d 858, 861 (7th Cir. 2004)). Following that analysis, a single LLC may be a citizen of more than one state, if it is composed of members who are residents of different states. *See* New Day Financial, LLC v. Katz, Civil No. CCB-15-2245, 2015 U.S. Dist. LEXIS 114289, 2015 WL 5092022, at *3 n. 2 (Aug. 28, 2015) ("But an LLC such as New Day may be a citizen of multiple states.")

In judging an evidentiary attack on the existence of subject matter jurisdiction, "[a] trial court may consider evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment." Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982) (citing Mims v. Kemp, 516 F.2d 21 (4th Cir. 1975)). Here, Habitat has submitted evidence by way of affidavit that Habitat America, LLC has two members, which are also LLCs: F&B Holding LLC and Osprey Property Group, LLC. ECF 17-3 ¶ 6. F&B Holding LLC's sole member is a Maryland resident, Catherine J. Murphy. *Id.* Meanwhile, Osprey Property Group LLC's sole member, David R. Lewis, is a resident of Nevada. *Id.* Accordingly, Habitat is both a Maryland resident and a Nevada resident. Because **[*10]** Rouhi is also a Maryland resident, the parties are not *completely* diverse, and thus, diversity jurisdiction does not exist in this case. *See* Exxon Mobil, 545 U.S. at 553-54 ("The Court, nonetheless, has adhered to the complete diversity rule in light of the purpose of the diversity requirement, which is to provide a federal forum for important disputes where state courts might favor, or be perceived as favoring, home-state litigants. The presence of parties from the same State on both sides of a case dispels this concern, eliminating a principal reason for conferring § 1332 jurisdiction over any of the claims in the action."). This Court therefore lacks original jurisdiction over any of Rouhi's claims.

## C. Supplemental Jurisdiction

28 U.S.C. § 1367(a) provides that "in any civil action of which the district courts have original jurisdiction... the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." This provision is recognized as "a broad grant of supplemental jurisdiction over other claims within the same case or controversy, as long as the action is one in which the district courts would **[*11]** have original jurisdiction." Exxon Mobil, 545 U.S. at 558. As the Supreme Court explained in *Exxon Mobil*, "In order for a federal court to invoke supplemental jurisdiction . . . it must first have original jurisdiction over at least one claim in the action. Incomplete diversity destroys original jurisdiction with respect to all claims, so there is nothing to which supplemental jurisdiction can adhere." Id. at 554. Here, as described above, this Court does not have original jurisdiction over any of the claims in this case. Thus, supplemental jurisdiction does not provide a mechanism for this Court to adjudicate Rouhi's claims.

## D. Kettler's Rule 12(b)(6) Motion to Dismiss

Although the Court lacks jurisdiction to reach the merits of this case, it is worth noting that Rouhi's claims against Kettler also appear to be barred by Maryland's three-year statute of limitations. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-101. As Rouhi concedes, Kettler's term as property manager of Timbercroft Townhomes ended on May 31, 2016, more than three years before Rouhi filed her Complaint — on October 18, 2019. Accordingly, to the extent Rouhi intends to attempt to refile her claims in any court, she should ensure that she is also able to address the apparent limitations bar to any claims against **[*12]** Kettler.

For the reasons set forth herein, both motions to dismiss, ECF 8 and ECF 17, will be granted. Rouhi's claims against both Defendants will be dismissed without prejudice, and this case will be closed.

A separate order follows.

Sincerely yours,

/s/ Stephanie A. Gallagher

United States District Judge

**ORDER**

For the reasons stated in the accompanying Memorandum Opinion, it is this 24th day of June, 2020, ORDERED that Defendant Kettler's Motion to Dismiss, ECF 8, and Defendant Habitat America's Motion to Dismiss, ECF 17, are GRANTED. Plaintiff's claims against both Defendants will be dismissed without prejudice. The Clerk is directed to CLOSE this case.

Date: June 24, 2020

/s/ Stephanie A. Gallagher

United States District Judge

**End of Document**