# Blaise v. CIA

United States District Court for the Middle District of Florida, Orlando Division

July 25, 2016, Decided; July 25, 2016, Filed

Case No: 6:16-cv-1124-Orl-41TBS

**Reporter**
2016 U.S. Dist. LEXIS 180280 *

DIE K. BLAISE, Plaintiff, v. CENTRAL INTELLIGENCE AGENCY (CIA), DEFENSE INTELLIGENCE AGENCY (DIA), NATIONAL SECURITY AGENCY (NSA), FEDERAL BUREAU OF INVESTIGATION (FBI), DRUG ENFORCEMENT AGENCY (DEA), RICHARD BURR and PAUL D. RYAN, Defendants.

**Subsequent History:** Adopted by, Request denied by, Motion denied by, Dismissed without prejudice by _Blaise v. CIA, 2016 U.S. Dist. LEXIS 180146 (M.D. Fla., Dec. 30, 2016)_

Magistrate's recommendation at _Blaise v. CIA CIA, 2017 U.S. Dist. LEXIS 36190 (M.D. Fla., Feb. 24, 2017)_

## Core Terms

allegations, in forma pauperis, amend, amended complaint, violations, intercept, recommend

**Counsel:** [*1] Die K. Blaise, Plaintiff, Pro se, Kissimmee, Fl.

**Judges:** THOMAS B. SMITH, United States Magistrate Judge.

**Opinion by:** THOMAS B. SMITH

## Opinion

### REPORT AND RECOMMENDATION

This case comes before me on referral from the district judge, on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, which I interpret as a motion for leave to proceed _in forma pauperis_ (Doc. 2). Upon due consideration I respectfully recommend that the motion be **denied** and that this case be **dismissed**.

### I. Background

On June 27, 2016, Plaintiff filed his complaint alleging that several government agencies that are part of the "US Intelligence Community," including the CIA, FBI and DEA, have conspired to commit "nationwide human right violation, abuse, intimidation, murder attempt and infliction of human body injury" (Doc. 1 at 2). Plaintiff complains that he has been the subject of illegal surveillance and electromagnetic torture at the hands of the government. His complaint prayed for $30 million as redress for Defendants' negligence and failure to investigate his previous complaints (Count I), health injury by direct electronic weapon (Count II), as well as civil rights violations consisting of (a) "cyber harassment [*2] including job search interference" and (b) mishandling of mail (Count III). Along with his complaint, Plaintiff filed a motion for leave to proceed _in forma pauperis_ (Doc. 2). After reading Plaintiff's complaint I entered an Order carrying his motion and gave him 21 days to amend his pleading (Doc. 3). In my Order, I advised Plaintiff of the following deficiencies in his complaint:

> The complaint fails to state any cause of action upon which relief could be granted. None of Plaintiff's allegations sound in federal law, nor has he established any legal (i.e. statutory) basis for this Court's jurisdiction over his claims. His complaint is also deficient because it does not aver pertinent facts in numbered paragraphs, in violation of _Fed. R. Civ. P. 8(a)_ and _10(b)_ (Doc.1).

(Id. at 3).

Plaintiff objected to my conclusions and initially requested that I recuse myself from the case so that he could obtain a fair trial (Doc. 4 at 4-5). On July 7, 2016, I denied the motion for recusal after finding that Plaintiff's grounds were legally insufficient (Doc. 5 at 6). Now, Plaintiff has filed a paper which is a combined motion to amend his complaint, the amended complaint, and a

motion to cease mind control activity[1] (Doc. 6).

## II. Discussion [*3]

A. Motion to Amend Complaint/Plaintiff's Amended Complaint

Because I granted Plaintiff leave to amend his complaint, his motion for leave to amend is superfluous. In his amended complaint, Plaintiff lays out his grievances in 8-counts (Id. at 3-13). Upon consideration and review, I conclude that Plaintiff's amended complaint is insufficient to support his application to proceed *in forma pauperis* and ultimately, to withstand dismissal of this lawsuit.

Federal courts may allow an individual to proceed *in forma pauperis* if that person declares in an affidavit that he "is unable to pay [filing] fees or give security therefor." *28 U.S.C. § 1915(a)(1)*. Prior to determining whether Plaintiff qualifies to proceed *in forma pauperis*, the Court has authority, pursuant to *28 U.S.C. §1915(e)(2)*, to review his complaint to determine whether it should be dismissed. *Section 1915(e)* provides that a district court may dismiss a case filed *in forma pauperis* if the court is satisfied that the action is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant. Id. *§ 1915(e)(2)*. If the complaint is deficient, the Court is required to dismiss the lawsuit on its own authority. See id.

In allowing Plaintiff an opportunity to revise **[*4]** his complaint, I advised him that conclusory allegations would not withstand judicial scrutiny. To state a claim, a plaintiff must provide a short and plain statement of the basis of the Court's jurisdiction, the plaintiff's entitlement to relief, and a demand for relief. *Fed. R. Civ. P. 8(a)*. The plaintiff must allege the claim in a legible manner

---

[1] In the motion to cease mind control activity, Plaintiff alleges Defendants are committing "grave dangerous damaging electronic harassments," including "surveillance, spying, manipulations, torture, censorships, daily sabotage, and blocks electronically and otherwise, retaliations, [and] death threats" (Doc. 6 at 14). Plaintiff argues that these actions violate his "rights under the *Free Exercise and Free Speech Clauses of the United States Constitution*, the Privacy Act, *5 U.S.C. § 552a*, and Air Force Instruction 37-132; and all other freedoms and rights under the law." (Id.). Plaintiff has not alleged any elements that would substantiate any of his claims. Therefore, I respectfully recommend that the district judge deny this request.

with numbered paragraphs, incorporating by reference other parts of the pleading for clarity. *Fed. R. Civ. P. 10*. Relevant facts should be segregated to each of their respective claims. See *Beckwith v. Bellsouth Telecomms., Inc., 146 F. App'x. 368, 372 (11th Cir. 2005)*. Although district courts apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, even *pro se* litigants must allege the essential elements of their claims for relief. See *Eidson v. Arenas, 910 F. Supp. 609, 612 (M.D. Fla. 1995)* (citations omitted).

Plaintiff's amended complaint, like the original, is a rambling essay about privacy and electromagnetic harassment. It is deficient for three main reasons. First, Plaintiff fails to aver pertinent facts in numbered paragraphs, in violation of *Fed. R. Civ. P. 8(a)* and *10(b)*. Second, Plaintiff asserts "multiple claims against multiple defendants without specifying which defendant(s) are responsible for which acts," which violates the procedural rules designed to discourage shotgun pleadings. *Dubose v. City of Hueytown, CV-15-BE-852-S, 2015 U.S. Dist. LEXIS 111357, 2015 WL 5011383, at * 4 (N.D. Ala. Aug. 24, 2015)* **[*5]** (citing *Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1323 (11th Cir. 2015))*. Third, as set forth more fully below, the amended complaint fails to adequately allege any cause of action that can be remedied by this Court.

1. Count I - Illegal Home Invasion or Intrusion Cognizable Under *42 U.S.C. § 1983*

Plaintiff invokes the Court's jurisdiction pursuant to *42 U.S.C. § 1983* (Doc. 6 at 4-5). *Section 1983* establishes a federal cause of action for damages against those who, acting under color of state law, deprive or cause the deprivation of the federal rights of any citizen or other person under their jurisdiction. *42 U.S.C. § 1983*. The purpose of *Section 1983* "is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails." *Wyatt v. Cole, 504 U.S. 158, 161, 112 S. Ct. 1827, 118 L. Ed. 2d 504 (1992)* (citing *Carey v. Piphus, 435 U.S. 247, 254-57, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978))*. *Section 1983* is a vehicle for vindicating federal rights elsewhere conferred, it does not create new substantive rights. *Baker V. Mccollan, 443 U.S. 137, 144 n. 3, 99 S. Ct. 2689, 61 L. Ed. 2d 433 (1979)*. The Court must consider the specific federal rights Plaintiff claims he was deprived of by Defendants. Plaintiff alleges that Defendants violated his right against illegal home

2016 U.S. Dist. LEXIS 180280, *5

invasion or intrusion (Doc. 6 at 4-5). This allegation is not grounded in common law or statute and is therefore inadequate to sustain a *section 1983* claim. Plaintiff has **[\*6]** not alleged that Defendants' actions or the consequences of those actions are recognized by law as a protected federal interest. Accordingly, Plaintiff's allegations are inadequate.

2. Count II - Violation of 18a U.S.C. Rule 41

Plaintiff alleges he "was falsely detained by Canada Border Service Agency in October 2012 violating 18a U.S.C. Rule 41 - Search and Seizure" at the request of the U.S. Government (Doc. 6 at 5). It is not clear what legal claim Plaintiff is trying to make here. "18a U.S.C. Rule 41" is not a real federal statute. From my cursory Google search of the citation, it appears to be a fictitious "electronic spying" statute often cited by online conspiracy theorists. Thus, Count II does not articulate a legitimate claim upon which relief can be granted.

3. Count III - Oversea Surveillance and Harassment

Plaintiff alleges that Defendants routinely "decline [his] credit and debit cards regardless of fund availability," in violation of a litany of federal laws, including: "Foreign Intelligence Surveillance Act-Declaratory, Injunctive and Other Equitable Relief, Violation of *First* and *Fourth Amendments*, 42 U.S.C. and 18 U.S.C. and 50 U.S.C. Crimes and Criminal Procedures AND War and National Defense Including Titles **[\*7]** 22, 42, 142, 18, 18a and 50 U.S.C. and International Conventional [sic]" (Doc. 6 at 6). Plaintiff's blanket references to the *First* and *Fourth Amendments* lack the specificity required at this stage in the litigation. Likewise, his incomplete citations to other federal statutes and international agreements fail to support a cognizable claim. And, Plaintiff's citations to entire chapters of the United States Code fail to provide the Court with the level of specificity required at this stage in the proceedings. Plaintiff's vagueness is fatal to his complaint.

4. Count IV - Elecromagnetic Frequency (EMF) Radiation Attack In House And Car. Microwave Radiation And Infrasound Radiation Attack

For the reasons stated in section 3, supra, Plaintiff's allegations in Count IV are also insufficient.

5. Count V - Violation of *18 U.S.C. § 2510* and *18 U.S.C. § 2511*

*Section 2520* provides a general, private cause of action when a "party's electronic communication is intercepted, disclosed, or intentionally used," in violation of the anti-

wiretapping statute, *18 U.S.C. §§ 2510 et seq. DIRECTV, Inc. v. Diaz, No. 6:03CV232ORL31JGG, 2003 U.S. Dist. LEXIS 23818, 2003 WL 25569732, at \*1 (M.D. Fla. June 27, 2003)*. Plaintiff has not alleged with any specificity, the elements of this claim (That a defendant (1) intentionally (2) intercepted, endeavored to intercept or procured another person **[\*8]** to intercept or endeavor to intercept (3) the contents of (4) an electronic communication (5) using a device. This showing is subject to certain statutory exceptions, such as consent. *Blumofe v. Pharmatrak, Inc. (In re Pharmatrak, Inc. Privacy Litig., 329 F.3d 9, 18 (1st Cir. 2003))* or the identity of the Defendant(s) responsible for the alleged interception. Also, the statute expressly carves out an exception for instances in which agents of the federal government are found guilty of violating the statute and provides a course of administrative discipline, as opposed to a damage remedy. *18 U.S.C. 2520(f)*. Plaintiff has failed to establish that his allegation against government officials, acting in their official capacities should be sustained.

6. Count VI - Violation of *18 U.S.C. § 2242* - Sexual Abuse

Plaintiff has failed to establish that Congress created a private right of action for violations of this statute, which is part of the federal penal code. Thus, Plaintiff's allegations fail to establish a claim that may be remedied by this Court.

7. Count VII - Violation of *50 U.S.C. § 1809* and *1810*

Again, Plaintiff has failed to establish that Congress created private rights of action for violations of these statutes or that the government defendants are not immune from suit. Therefore, Plaintiff's allegations fail to establish a claim **[\*9]** that may be remedied by this Court.

8. Count VII - Violation of *18 U.S.C. § 1513* - Retaliating for Filing a Complaint by Intensifying and Diversifying the Intimidation

This statute is part of the federal criminal code. There is no private right of action under *§ 1513*. *Lucy v. Ala. Dep't of Revenue, Civil Action, 13-141-CG-M, 2013 U.S. Dist. LEXIS 85490, at \*10-13 (S.D. Ala. May 30, 2013)*. Therefore, Plaintiff has failed to establish a cognizable claim.

**III. Conclusion**

2016 U.S. Dist. LEXIS 180280, *9

This is Plaintiff's second attempt at alleging cognizable causes of action and he has failed. At this stage, I am not persuaded that allowing him additional leave to amend would be fruitful. Accordingly, I respectfully recommend that the district judge **DENY** the motion for leave to proceed *in forma pauperis* (Doc. 2), and **DISMISS** this case without further leave to amend.

### IV. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See *11th Cir. R. 3-1*.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on July 25, 2016.

/s/ Thomas **[*10]**  B. Smith

THOMAS B. SMITH

United States Magistrate Judge

---

**End of Document**