IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| JOHN DOE 197, | ) |
|       Plaintiff, | ) |
| | ) No. 2:22-cv-00816-DCN |
| vs. | ) |
| | ) **ORDER** |
| THE BISHOP OF CHARLESTON, *a Corporation Sole*; THE BISHOP OF THE DIOCESE OF CHARLESTON, *in his official capacity*; and REV. FR. BRYAN BABICK | ) |
|       Defendants. | ) |

The following matter is before the court on defendants The Bishop of Charleston, a Corporation Sole, (the "Diocese") and The Bishop of the Diocese of Charleston's, in his official capacity, (the "Bishop") motion to dismiss the action for lack of subject matter jurisdiction, ECF No. 18, and motion to stay discovery pending ruling on subject matter jurisdiction, ECF No. 20. Defendant Rev. Fr. Bryan Babick ("Babick," together with the Diocese and the Bishop, "defendants") also filed a motion to dismiss for lack of subject matter jurisdiction, ECF No. 21, and that is before the court. For the reasons set forth below, the court grants the motions to dismiss for lack of jurisdiction and finds as moot the motion to stay.

## I. BACKGROUND

This action arises from plaintiff John Doe's ("Doe") allegations that defendant Babick drugged and sexually assaulted Doe by performing oral sex upon him while Doe was unconscious on May 18, 2019. ECF No. 1, Compl. at 4–5. Doe met Babick through his enrollment at Bishop England High School on Daniel Island, South Carolina, where

1

Babick served as chaplain. Id. at 3, 7. Doe further alleges that Babick was a priest of the Diocese and that he was assigned by the Diocese and the Bishop and was, at all times, under direct supervision, employ, and control of the Diocese and the Bishop. Id. at 3.

Doe alleges he began to experience severe depression as a result of the abuse perpetrated upon him. Id. at 5. Doe is a devout member of the Roman Catholic Church and a graduate of St. Joseph's Seminary College in Saint Benedict, Louisiana. Id. at 3. He has long planned to become a priest within the Catholic Church. Id. Doe was accepted into St. Mary's Seminary, and he spent the summer of 2019 in Omaha, Nebraska on a summer assignment within the Catholic Church. Id. at 5. That summer he reported the abuse via telephone to his vocational director, Father Richard Kramer in Houston, Texas, who blamed Doe for the abuse and stated it was consensual. Id. However, after Doe reported the abuse, Babick was removed from his role as chaplain at Bishop England High School. Id. at 6. Doe then informed the seminary authorities about the abuse and asked for mental health counseling. Id. He was assigned a psychologist whose expertise focused on counseling women and couples who have experienced the emotional effects of dealing with infertility, miscarriage, and reproductive challenges. Id. In March 2020, Doe returned to Charleston, South Carolina to receive trauma counseling at his own expense at the Medical University of South Carolina. Id.

On March 11, 2022, Doe brought this action against defendants. Compl. Doe alleges that as a result of the actions and omissions of the defendants, he suffered psychological damage, guilt, shame, loss of the enjoyment of his family and life generally, lack of self-worth, and depression, with physical manifestations, all as a direct and proximate result of the substantial abuse endured, inflicted upon him by the

defendants. Id. at 6. Doe's first cause of action is violation of 18 U.S.C. § 2242, Sexual Abuse. Id. at 2, 6–7. Doe also brings causes of action for (2) assault, (3) battery, (4) intentional infliction of emotional distress, (5) negligence/gross negligence/recklessness, (6) breach of fiduciary duty, (7) negligent retention or supervision, and (8) civil conspiracy. Id. at 7–14. Doe seeks actual, compensatory, and punitive damages against the defendants. Id. at 14.

On July 18, 2022, the Diocese and the Bishop moved to dismiss for lack of jurisdiction. ECF Nos. 18, 19. On July 20, 2022, the Diocese and the Bishop filed a motion to stay discovery until such time that the motion to dismiss for lack of jurisdiction has been ruled upon. ECF No. 20. Doe responded in opposition to the Diocese and Bishop's motion to dismiss for lack of jurisdiction and motion to stay on July 31, 2022. ECF No. 23. The Diocese and the Bishop replied to Doe's response on August 5, 2022, ECF No. 26. Babick has not filed a motion to stay but filed a motion to dismiss for lack of jurisdiction and a memorandum in support of the Diocese and Bishop's motion to dismiss on July 25, 2022. ECF No. 21. Doe responded to Babick's motion on July 31, 2022, ECF No. 24, and Babick replied on August 8, 2022, ECF No. 27. As such, the motions have been fully briefed and are now ripe for the court's review.

## II.  STANDARD

### A.  28 U.S.C. § 1331

Article III of the United States Constitution provides: "The judicial Power shall extend to all Cases, in Law and Equity, arising under ... the Laws of the United States[.]" U.S. Const. art. III, § 2, cl. 1. 28 U.S.C. § 1331 grants federal district courts "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the

United States." "Article III 'arising under' jurisdiction is broader than federal question jurisdiction under [28 U.S.C. § 1331]." Verlinden B.V. v. Cent. Bank of Nigeria, 461 U.S. 480, 495 (1983). Although Congress has the power to prescribe the jurisdiction of federal courts under U.S. Const. art. I, § 8, cl. 9, it "may not expand the jurisdiction of the federal courts beyond the bounds established by the Constitution." Id. at 491.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). As a general rule, federal question jurisdiction exists only if the complaint pleads a federal cause of action. See Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 808 (1986); Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004). "In other words, the well-pleaded complaint rule generally bars federal jurisdiction where a plaintiff's complaint on its face states only state law causes of action, even though issues of federal law may be involved." Fagin v. Gilmartin, 2007 WL 419286, at *3 (D.N.J. Feb. 1, 2007) (citation omitted).

### B. Rule 12(b)(1)

Dismissal under Federal Rule of Civil Procedure 12(b)(1) examines whether the pleading fails to state facts upon which jurisdiction can be founded. It is the petitioner's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991).

To resolve a jurisdictional challenge under Rule 12(b)(1), the court may consider undisputed facts and any jurisdictional facts that it determines. The court may dismiss a case for lack of subject matter jurisdiction on any of the following bases: "(1) the [the pleading] alone; (2) the [pleading] supplemented by undisputed facts evidenced in the record; or (3) the [pleading] supplemented by undisputed facts plus the court's resolution of disputed facts." Johnson v. United States, 534 F.3d 958, 962 (8th Cir. 2008) (quoting Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981)).

### C. Motion to Stay

"A court has the power to stay proceedings, which is 'incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" Doe v. Bayer Corp., 367 F. Supp. 2d 904, 914 (M.D.N.C. 2005) (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936)). In exercising its authority to grant a discretionary stay, the court "must weigh competing interests and maintain an even balance." Landis, 299 U.S. at 254, 255 (internal quotation omitted). Furthermore, "[t]he party seeking a stay must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative." Williford v. Armstrong World Indus., Inc., 715 F.2d 124, 127 (4th Cir. 1983). "When considering a motion to stay, the district court should consider three factors: '(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; and (3) potential prejudice to the non-moving party.'" Impulse Monitoring, Inc. v. Aetna Health, Inc., 2014 WL 4748598, at *1 (D.S.C. Sept. 23, 2014) (quoting Johnson v. DePuy Orthopaedics, Inc., 2012 WL 4538642, at *2 (D.S.C. Oct. 1,

5

2012)). In other words, the proponent of a stay "bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 708 (1997) (citing Landis, 299 U.S. at 255).

### III. DISCUSSION

Defendants Diocese and Bishop move to stay discovery pending the court's ruling on subject matter jurisdiction. ECF No. 20. The motion is brief, merely stating: (1) the defendants have asserted this court lack subject matter jurisdiction because the facts do not support a federal question claim under 28 U.S.C. § 1331; (2) if that motion is granted, the entire matter will be disposed of; (3) it serves judicial economy as well as the convenience of the parties and witnesses to stay discovery until the motion to dismiss, ECF No. 18, has been resolved; and (4) counsel for defendants requested Doe's consent to this motion but no response has been received. ECF No. 20. Since determining the merits of the motion to stay is predicated on resolving the motions to dismiss for lack of jurisdiction, the court primarily addresses the arguments for and against dismissal for lack of jurisdiction below.

**A. Defendants' Motions to Dismiss for Lack of Jurisdiction**

Defendants' motions to dismiss for lack of subject matter jurisdiction are persuasive. Doe and defendants are both citizens of South Carolina; consequently, there is no diversity jurisdiction. ECF Nos. 18, 21; 28 U.S.C. § 1332. This court may only hear this matter if federal question jurisdiction exists—which Doe urges arises from violation of 18 U.S.C. § 2242, Sexual Abuse. ECF No. 1 at 6–7; 28 U.S.C. § 1331.

The Diocese, the Bishop, and Babick assert that 18 U.S.C. § 2242 is a federal criminal statute that does not create a federal private right of action. ECF No. 19 at 4; ECF No. 21 at 3–7. Doe, in response, contends that 18 U.S.C. § 2248 specifically allows

6

for the collection of tort damages by a victim of a sex abuser. ECF No. 23. Yet, Doe did not bring this action pursuant to § 2248, and instead brought it under § 2242 and has not amended his pleadings to incorporate any additional cause of action. See Compl. Moreover, defendants argue that even if Doe amended his complaint to incorporate a cause of action under § 2248, he would not be entitled to relief because that statute provides restitution to victims of criminal defendants only after those defendants have been convicted or pled guilty. See ECF Nos. 26, 27. None of the defendants have been criminally charged, much less convicted and sentenced based on Doe's allegations.

Doe brings his federal cause of action under 18 U.S.C. § 2242. Compl. ¶¶ 27–31. Doe admits § 2242 is a criminal statute but alleges the conduct of Babick is "in direction [sic] of violation of said statute and amounts to civil sexual assault." Id. ¶ 28. Doe alleges he was involuntarily intoxicated by Babick and that Babick, while acting as an agent of the Diocese, engaged in a sexual act with Doe while Doe was physically incapable of communicating his unwillingness to engage in said act due to the involuntary intoxication. As a direct and proximate result of the conduct of the defendants, Doe has been injured and suffered damages. Id. ¶¶ 29–31.

To resolve the motion to dismiss, it is necessary for the court to examine whether Doe has pled facts sufficient to state a cause of action under § 2242. First, the court would need to find that the statute creates a private right of action, notwithstanding § 2242 being a criminal statute. Second, the court would need to find that Doe's facts satisfy all the necessary elements of § 2242. The court finds that neither requirement is satisfied.

1. **Private Cause of Action**

"[P]rivate rights of action to enforce federal law must be created by Congress." Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media, 140 S. Ct. 1009, 1015 (2020) (quoting Alexander v. Sandoval, 532 U.S. 275, 286 (2001)); Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution or another."). "The Supreme Court historically has been loath to infer a private right of action from 'a bare criminal statute.'" Doe v. Broderick, 225 F. 3d 440, 447 (4th Cir. 2000) (quoting Cort v. Ash, 422 U.S. 66, 80 (1975), overruled in part by Touche Ross & Co. v. Redington, 442 U.S. 560, 575–76 (1979)). "The judicial task is to interpret the statute Congress has passed to determine whether it displays an intent to create not just a private right but also a private remedy." Sandoval, 532 U.S. at 286. "Without it, a cause of action does not exist, and courts may not create one, no matter how desirable that might be as a policy matter, or how compatible with the statute." Id. at 286–87.

"Where . . . a criminal statute establishes what is a crime and specifies the punishment for committing the crime, it is not enforceable in a private civil action unless Congress specifically so provides." Steves & Sons, Inc. v. JELD-WEN, Inc., 271 F. Supp. 3d 835, 842 (E.D. Va. 2017) (citing Broderick, 225 F.3d at 447–48). In other words, for there to be an implied cause of action, the statute must clearly indicate "that the plaintiff is one of a class for whose benefit the statute was enacted and there is some indication that Congress intended such a cause of action to lie." Flowers v. Tandy Corp., 773 F. 2d 585, 589 (4th Cir. 1985). "Congressional intent may be gleaned from the

language of the statute, the legislative history, and the purpose and focus of the statute." Id. (citing Touche Ross & Co., 442 U.S. at 576–77).

18 U.S.C. § 2242 establishes that whoever violates the elements of the statute[1] or attempts to do so "shall be fined under this title and imprisoned for any term of years or for life." Nowhere in § 2242 itself has Congress provided a civil cause of action—the statute only provides criminal remedies for the government to pursue. Other courts who have considered this question have concluded that Congress did not create a private cause of action in 18 U.S.C. § 2242. See, e.g., Adeshina v. Bush, 2021 WL 6297772, at *1 n.2 (N.D. Fla. Dec. 13, 2021), report and recommendation adopted, 2022 WL 62266 (N.D. Fla. Jan. 5, 2022) ("Congress did not create a private cause of action in sections 2242 and 2243"); Blaise v. Cent. Intel. Agency, 2016 WL 7493980, at *3 (M.D. Fla. July 25, 2016), report and recommendation adopted, 2016 WL 7491872 (M.D. Fla. Dec. 30, 2016), aff'd, 704 F. App'x 912 (11th Cir. 2017) ("Plaintiff has failed to establish that Congress create a private right of action for violation of this statute [§ 2242]"); Lampon-

---

[1] Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency, knowingly--
    (1) causes another person to engage in a sexual act by threatening or placing that other person in fear (other than by threatening or placing that other person in fear that any person will be subjected to death, serious bodily injury, or kidnapping);
    (2) engages in a sexual act with another person if that other person is--
        (A) incapable of appraising the nature of the conduct; or
        (B) physically incapable of declining participation in, or communicating unwillingness to engage in, that sexual act; or
    (3) engages in a sexual act with another person without that other person's consent, to include doing so through coercion;
or attempts to do so, shall be fined under this title and imprisoned for any term of years or for life.

18 U.S.C. § 2242.

Paz v. Dep't of Justice, 2019 WL 2098831, at *7 (D.N.J. May 14, 2019) ("Plaintiff cites 18 U.S.C. §§ 2242, 2243, 2244 . . . [t]hey do not create a private right of action."); Jordan v. Cicchi, 2010 WL 848809, at *12 (D.N.J. Mar. 9, 2010), aff'd in part, vacated in part on other grounds, 428 F. App'x 195 (3d Cir. 2011) ("[S]exual abuse statutes at 18 U.S.C. §§ 2241, 2242, 2244, are criminal statutes and do not give rise to any private right of action"); Dodd v. Dodd, 2015 WL 1467108, at *3 (E.D. Tex. Mar. 31, 2015) ("[P]rivate persons have no judicially cognizable interest in procuring enforcement of federal criminal laws . . . Thus, Plaintiff's sexual abuse . . . cause[] of action pursuant to 18 U.S.C. [§ 2242 is] without merit."); Porter v. City of Portales - City Hall, 2022 WL 168420, at *4 (D.N.M. Jan. 19, 2022) ("[18 U.S.C. § 2242 is a] criminal statute[] that do[es] not provide for a private right of action and [is] thus not enforceable through a civil action."). Doe cites just one authority for his assertion that Congress unambiguously expressed the intent to create a private right and remedy for § 2242, but that case is irrelevant as it concerned a different statute. See Clear Sky Car Wash LLC v. City of Chesapeake, 743 F.3d 438, 443–44 (4th Cir. 2014) (holding that the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 does not create a private right of action).

Since this court does not find that either 18 U.S.C. § 2242 or § 2248 authorizes a private cause of action, Doe's allegations under § 2242, and Doe's later arguments implicating § 2248, are not enforceable through a civil action.

### 2. Required Elements of 18 U.S.C. §§ 2242, 2248

But even if the statute authorized a private cause of action—which this court does not find—Doe cannot meet the required elements of § 2242 or § 2248.

10

Under § 2242, the first requirement is that the alleged misconduct arises in specific situations:

> Whoever, in the special maritime and territorial jurisdiction of the United States or in a Federal prison, or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency . . . .

Doe pleads no facts that indicate the alleged assault occurred in the special maritime jurisdiction nor in the territorial jurisdiction of the United States, nor does he allege it occurred in a prison, institution, or facility. See Compl. Rather, Doe alleges the assault occurred at the rectory in Our Lady of Good Counsel Catholic Church in Folly Beach, South Carolina. Compl. ¶ 15. Doe cannot in good faith allege that the church is also a prison or, alternatively, under the special maritime or territorial jurisdiction of the United States. See 18 U.S.C. § 7 (setting forth the definitions of "Special maritime and territorial jurisdictions of the United States"). Even if Doe can meet the remaining elements of § 2242, his failure to satisfy this basic requirement means he has failed to adequately allege a federal question cause of action.

Even if the court generously interprets Doe's later briefs to incorporate the alleged facts and establish a cause of action under 18 U.S.C. § 2248 without an amended complaint, the facts asserted also fail to meet § 2248's required elements. That statute creates a cause of action for victims, meaning "the individual harmed as a result of a commission of a crime under this chapter." 18 U.S.C. § 2248(C) (emphasis added). As the court has examined at length above, the relevant crimes under this chapter are enforceable through criminal prosecution—which is an enforcement mechanism reserved to the state. Linda R.S., 410 U.S. at 619 ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution or another."). Neither the state

nor the federal government has prosecuted any of the defendants here on these facts, much less convicted them of a violation of 18 U.S.C. § 2242 or any of the other crimes under that chapter. Without prosecution and conviction, Doe can only nebulously assert that a crime was committed, and a victim harmed. Therefore, 18 U.S.C. § 2248 is not a remedy available to Doe.

In sum, Doe asserts the court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the first cause of action, violation of 18 U.S.C. § 2242, raises a federal question. Compl. ¶ 6. Presumably, Doe further alleges that this court has supplemental jurisdiction over Doe's pendent state law claims. See 28 U.S.C. § 1367. But after examination of 18 U.S.C. § 2242, this court finds that statute does not authorize a private cause of action and therefore Doe cannot plead facts to support a federal question claim under § 2242. Without a valid federal question claim, there is no supplemental jurisdiction. Consequently, the court grants defendants' motions to dismiss for lack of subject matter jurisdiction.

### B.  Motion to Stay

The Diocese and the Bishop filed a motion to stay to stay discovery until the court resolved their motion to dismiss for lack of jurisdiction. Since this court grants the motion to dismiss for lack of jurisdiction, court finds that the motion to stay is mooted.

## IV.  CONCLUSION

For the reasons set forth above, the court **GRANTS** defendants' motions to dismiss for lack of subject matter jurisdiction and **FINDS AS MOOT** defendants' motion to stay.

**AND IT IS SO ORDERED.**

                                        **DAVID C. NORTON**
                                        **UNITED STATES DISTRICT JUDGE**

**October 17, 2022**
**Charleston, South Carolina**